In the Matter of the Application of CHARLES NITZE, Executor, etc., to Discover Property Withheld, etc., of the Estate of ANTON BRAUN, Deceased.

Surrogate's Court, Kings County, May, 1923.

Gifts — evidence establishing valid gift causa mortis — unindorsed traveler's checks — note of third person — rights of creditors — discovery proceeding — decedent's estate.

The delivery of a traveler's check unindorsed with intent to effect a gift is effectual to transfer the title and to vest the ownership thereof in the donee.

While on a visit to his sister in Germany decedent, ill with a fatal malady, was attended by his niece to whom he delivered a paper signed by him which provided: " To my niece  *  *  *  I give as a gift all my personal property, which I have in my possession during my present stay in Germany. This includes all valuable things, jewelry, cash money and everything else. I do this fearing that on account of the state of my health something unforeseen may happen." In a discovery proceeding brought by the executor of decedent's will the niece by answer claimed that the articles set out in the petition and claimed by the executor were given to her by decedent before his death, including travelers' checks and the promissory note of a third person. *Held*, that the evidence established a valid gift *causa mortis*.

Misc. 18]          Surrogate's Court, Kings County, May, 1923.

Such finding, however, is made without prejudice, if the question be involved in the administration of the estate, to a determination as to whether the property affected in the present proceeding is subject to claims of creditors of decedent in the event of a deficiency of other assets.

DISCOVERY proceeding.

*Carl J. Heyser*, for petitioner.

*Henry G. Wenzel, Jr.*, for respondent Anna Weinacht.

WINGATE, S.   In a discovery proceeding brought by the executor of decedent's will, the respondent in her answer asserts that the articles set out in the petition and claimed by the petitioner for the estate, were given to her by the decedent, and asks that this court try the issue of ownership thus arising.

The title of the respondent to the articles in question depends in part upon the construction of a written instrument which decedent delivered to her, although she was permitted to give testimony, without objection, as to personal transactions with the deceased as to the circumstances surrounding its execution and delivery, which shed additional light upon its meaning and purpose.

Decedent, ill with a fatal malady, visiting a sister in Germany, was attended by his niece, to whom he delivered the paper mentioned, written by him in German script, which, translated, provides as follows:

" LUDWIGSHAFEN, *September 8th*, 1922.

" To my niece Anna Weinacht, residing at #38 Prinzregenten Strasse, a daughter of my dear sister Franziska Weinacht, I give as a gift all my personal property, which I have in my possession during my present stay in Germany.  This includes all valuable things, jewelry, cash money and everything else.  I do this fearing that on account of the state of my health something unforeseen may happen.                              " ANTON BRAUN."

Several translations of this paper are presented, all substantially alike, except as to the word " barmittel " appearing in the original. This word is translated by one expert as " ready cash," by another as " cash money," and by a third as " ready funds."   The variance between the translations is advanced as affecting the queston whether certain American Express Company travelers checks, purchased by but not countersigned by the deceased, though in his possession, and the moneys represented thereby, were intended to and did pass to respondent, by gift from the decedent, with the other property described in the petition.

Whatever be the meaning of " barmittel," the checks were clearly intended to be included among the subjects of the gift, if

Surrogate's Court, Kings County, May, 1923. [Vol. 121

the proof warrants a finding of a valid gift. The words " all my personal property, which I have in my possession during my present stay in Germany " are words of general description, which, if unqualified, would include the travelers checks. Such general words, unless a contrary intent appears from the whole instrument, are not to be limited by a subsequent attempt at a particular description. See *Hacker* v. *Hacker*, 153 App. Div. 270, 273. But no contrary intent appears. If, in the particular description following the general words, the word " barmittel " is not sufficiently broad to indicate the intent of the decedent to include the checks in his gift, then his intent to include them would be derived from the words, " This includes all valuable things * * * and everything else." If the checks are not " barmittel " they are " valuable things " or something else, and " all valuable things * * * and everything else " which decedent had with him in Germany at the time of execution and delivery of the instrument in which the words appear were to be the subject of the attempted gift to respondent. It is conceded that the checks mentioned were with him at that time.

The checks, with the other articles set forth in the petition, had been delivered by the decedent to the respondent before his death. Checks may be transferred without indorsement and their delivery, unindorsed, to the respondent, with the intent of effecting a gift, was effectual to transfer title and to vest the ownership thereof in the respondent. See *Meuer* v. *Phenix National Bank*, 94 App. Div. 331; affd., 183 N. Y. 511; *Wangner* v. *Grimm*, 169 id. 421, 428; *Lipten* v. *Columbia Trust Co.*, 194 App. Div. 384, 391. These authorities likewise support a finding of gift of the promissory note of a third person, mentioned in the petition.

In some cases it has been held that even where there is no actual delivery of the specific things said to be embraced in an attempted gift, a delivery of an instrument of gift is a sufficient delivery to effectuate the donor's purpose. *Matter of Cohn*, 187 App. Div. 392; *Hawkins* v. *Union Trust Co.*, Id. 472.

It is found that the evidence establishes a valid gift *causa mortis* by the decedent to the respondent of all of the articles described in the petition, and that she is the owner thereof. But this finding is made without prejudice, if the question be involved in the administration of this estate, to a determination as to whether the property affected by this proceeding is subject to claims of creditors of decedent in the event of a deficiency of other assets.

Settle order on notice.

Decreed accordingly.