343 P.2d 845

Robert E. HAY, Claimant-Appellant,

v.

NEW MEXICO STATE HIGHWAY DE-
PARTMENT, Employer, and Mountain
States Mutual Casualty Company, Insurer,
Defendants-Appellees.

No. 6501.

Supreme Court of New Mexico.

Aug. 28, 1959.

Bingham & Klecan, Albuquerque, for appellant.

Grantham, Spann & Sanchez, Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Jr., Albuquerque, for appellees.

CARMODY, Justice.

This is an appeal of a workmen's compensation case by the claimant, based upon the refusal of the trial court to allow him compensation.

Briefly summarizing the circumstances upon which the case is based, it would ap-

146

pear that on July 30, 1956, claimant filed an action under the Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq., by reason of an injury occurring ·on June 28, 1955. On February 17, 1957, claimant filed another action against the same defendants, alleging another accident occurring on July 14, 1956. It is to be noted that the first claim was filed slightly more than two weeks after the second accident allegedly occurred. The New Mexico State Highway Department was subsequently dismissed as a party by reason of its immunity. Thereafter, depositions of the claimant were taken, a jury was originally sought but later waived, and the cases were consolidated and tried to the court. At the conclusion of a two-day trial, the court dismissed the first case and advised counsel that it would hear argument with respect to the second case three days later. In the intervening time, being a week-end, the trial court read the two depositions of the claimant, although only parts thereof had been introduced in evidence. On the day set for argument, the court openly disclosed to the attorneys that he had read the depositions, and then stated that, by reason of reading the depositions and reviewing his notes, he had probably granted the motion dismissing the first case under an erroneous impression, and he therefore revoked the earlier order dismissing the first case and allowed counsel to argue both cases at the same time. At the conclusion of the argument,

the court granted twenty-six .weeks' compensation in the first case together with attorney's fees, and dismissed the second case. Judgment was thereafter entered on the first case and the same has been fully satisfied. This appeal is from the ruling of the court in the second case only.

Claimant's appeal is predicated actually upon two points of law, first, that it was reversible error for the trial court to read the depositions of the claimant and, secondly, an attack upon the findings of fact and conclusions of law made by the court and the court's refusal to adopt certain findings and conclusions submitted by the claimant. We will dispose of these points in the above order.

◼ Claimant strongly insists that the reading of the depositions by the trial court amounts to a denial of due process of law in violation of the constitution. To the contrary, appellee argues that this contention by the claimant is raising a new issue in this court which was not raised below and that to do so is contrary to Supreme Court Rule 20(1) which states:

"None but jurisdictional questions shall be first raised in the Supreme Court." 21–2–1(20) 1, N.M.S.A.1953.

It need be pointed out here that the claimant's original claim sought compensation for "pain and suffering in the abdomen, penis and lower back" and the second claim was for total permanent disability for a

back injury. Hospital and medical payments had already been made for a hernia operation arising out of the first claim.

The trial court's action in originally dismissing the first case was, according to his statement, under the erroneous impression prior to reading the depositions and reviewing his notes that the same was merely a suit for hernia and the after-effects thereof. At the time of making this statement to counsel, the trial court asked the attorney for the claimant if there was a claim for a back ailment arising out of the first accident, to which inquiry claimant's attorney answered in part as follows:

"* * * It is conceivable that in view of the testimony that there was no previous back pain at all, for a period of more than three years, prior to the accident of 1955, that the triers of the fact could conclude that there could have been an aggravation arising from the accident of 1955; that if it was not from the accident of 1956, then it was from the accident of 1955."

It was immediately following this statement that the court revoked the order dismissing the first case.

Thereafter, and prior to argument, counsel for the claimant requested the court to admit in evidence the entire deposition of the claimant. Counsel for appellee objected and the court without specifically rejecting the offer made the following statement:

"I will limit my consideration of the case to those portions which were introduced in the depositions."

No further action was taken by claimant with respect to the trial judge's reading of the depositions, and no further mention of the same is made in the transcript, the matter first being brought to the attention of this court in the briefs.

Although we in no wise condone the action of a trial court in going outside the record, inadvertent as it would appear to be in this case, the responsibility is on the claimant to properly raise the question in the lower court, and this we feel claimant failed to do. We are not unmindful of the fact that the trial court may have read something in the depositions which was not in evidence, but the judge frankly and openly having made the statement which he did, and having assured counsel that he would limit his consideration as set out above, the duty then devolved upon the claimant to make an issue of the matter initially in the trial court and not to remain silent, take advantage of whatever benefit he might obtain from the trial court, and then raise a new question here. A careful examination of the transcript in this case convinces us that the trial court was not in any way alerted to the problem now raised, and, therefore, both by reason of the rule 20(1) above set out and the authority of our decisions over a period of years, including but·

not limited to Warren v. Spurck, 1958, 64 N.M. 106, 325 P.2d 284, and Hartford Fire Ins. Co. v. Horne, 1959, 65 N.M. 440, 338 P.2d 1067, we find that claimant's contention as to his first point is not well taken. There is nothing in the record to convince this court that the appellant was prejudiced by the action of the trial court in reading the depositions, particularly since the judge indicated that he would not consider any part of the depositions that were not in evidence.

■ With respect to claimant's objections to the court's findings of fact and conclusions, we have carefully considered the same in the light of the testimony, and conclude that when all the findings are read together (the decision of the court in both cases is consolidated in one instrument), there is no contradiction in them nor do they contradict the court's conclusions of law. Claimant would have us consider one or two findings read by themselves and from this determine that a single conclusion was contradictory. The purpose of findings of fact is to set out the ultimate facts of the case, and they must be read together and the conclusions of law flow therefrom. Considered in this light, we conclude that the findings of fact of the trial court were based upon substantial evidence and are the ultimate and decisive facts in the case, and that the conclusions of law are amply supported by the findings of fact. Any seeming inconsistency is reconciled when they are considered together, and any doubts as to their meaning must be resolved to support the judgment. Daily v. Fitzgerald (often identified as Zack Metal Co. v. Torpedo Copper Co.), 1912, 17 N.M. 137, 125 P. 625, Ann.Cas.1914D, 1183; Sandoval v. Unknown Heirs, 1919, 25 N.M. 536, 185 P. 282; Guaranty Banking Corp. v. Western Ice & Bottling Co., 1922, 28 N.M. 19, 205 P. 728; Hartzell v. Jackson, 1937, 41 N.M. 700, 73 P.2d 820; Tocci v. Albuquerque & Cerrillos Coal Co., 1941, 45 N.M. 133, 112 P.2d 515; Hogan v. City of Hot Springs, 1954, 58 N.M. 220, 269 P.2d 1102.

We also find that there was no error on the part of the trial court in refusing to adopt the findings of fact and conclusions of law requested by the claimant.

In view of what has been said, therefore, the judgment of the trial court will be affirmed, and it is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and MOISE, JJ., concur.