363 P.2d 626

Nina WEBB and Lucille Sires, Plaintiffs-
Appellees,

v.

Clarence L. RICHARDSON, Defendant-
Appellant.

No. 6881.

Supreme Court of New Mexico.

July 13, 1961.

Ernest F. Lokey, Clovis, McCarthy, Car-
nahan, Fields & Haynes, Amarillo, Tex.,
for appellant.

Dan B. Buzzard, Clovis, for appellees.

COMPTON, Chief Justice.

The plaintiffs, sole devisees of the last will and testament of Willie Richardson, deceased, brought this action against the defendant, Clarence Richardson, to determine title to and the right of possession of an unendorsed promissory note payable to order in the principal sum of $15,000.00, bearing date of March 9, 1957, and payable March 8, 1962, the note being executed by the defendant and payable to the deceased, Willie Richardson. In his answer, the defendant pleaded that the note had been transferred as an inter vivos gift by the payee to Lora Sullivan, a sister of the decedent; that he had been instructed by the decedent to pay the amount due on the note to her; and that he had made payment in full March 11, 1959, prior to its maturity date.

The trial court found that there was no intent shown on the part of Willie Richardson to make a gift of the note to the sister and that the note belonged to his estate. Previously, the plaintiff, Nina Webb, had qualified as executrix of the last will and testament of the decedent. Judgment was entered awarding the possession of the note to her, and the defendant appealed.

◼ Upon the death of Willie Richardson, February 5, 1959, the defendant was found in possession of the note. The decisive question is whether the plaintiffs' evidence is sufficient to sustain the finding of the court. We think the evidence is ample.

In the first place the great weight of authority holds that the mere possession of an unendorsed promissory note payable to order is not prima facie evidence of ownership. Further, the parties stipulated that an actual dispute existed between the parties; that Nina Webb was the duly qualified executrix of the last will and testament of Willie Richardson, deceased; that Willie Richardson left a will, wherein Nina Webb and Lucille Sires were the sole heirs of Willie Richardson, deceased; and that Clarence Richardson had made, executed and delivered to Willie Richardson a $15,000.00 promissory note due and payable on March 8, 1962. This stipulation plus the fact that the note was a negotiable instrument payable to Willie Richardson's order and unendorsed, establishes a prima facie case that the note belonged to the estate of Willie Richardson, deceased. Atchley v. Rimmer, 148 Tenn. 303, 255 S.W. 366, 30 A.L.R. 1481; Capitol Hill State Bank v. Rawlins Nat. Bank, 24 Wyo. 423, 160 P. 1171, 11 A.L.R. 937. See also Britton on Bills & Notes, Sec. 74, pp. 289–291; 30 A.L.R. 1492; Beutel's Brannan N.I.L., 7th Ed., pp. 650–653.

◼ The defendant advances the point that "the overwhelming preponderance of the evidence showed an intention to make a gift of the note in question." We find the point without merit. While an unendorsed negotiable instrument may be the subject of a valid gift by the payee, the burden is

on the donee to prove by clear and convincing evidence all facts essential to a valid gift; that is, the intent of the donor to make the gift, the delivery to the donee, and the acceptance by the donee. Rothwell v. Taylor, 303 Ill. 266, 135 N.E. 419; In re Braun's Estate, 121 Misc. 18, 200 N.Y.S. 781; 30 A.L.R. 1492, supra; Queensboro Nat. Bank v. Kelly, 2 Cir., 48 F.2d 574, 87 A.L.R. 1178. From what is hereinafter said, it is certain that such convincing evidence is not present in this case.

Lora Sullivan testified that the note was transferred to her as a gift by the decedent in December, 1958; yet, the defendant testified that Willie Richardson had the note in his possession on a subsequent date when he made a payment thereon to him. Lora Sullivan first testified that a payment of $200.00 was made to her by the defendant at a certain bank, but the defendant testified it was made at a hospital. Further, Lora Sullivan stated that the defendant made the final payment of $9,200.00 in an automobile somewhere between Melrose and Floyd, New Mexico. The defendant, however, testified that payment was made on a street corner in Portales. Lora Sullivan testified further that she did not have the note with her when the final payment was made by the defendant but that it was delivered to him later. On the other hand, the defendant testified that she delivered the note to him when he made the final payment to her. Finally, Lora Sullivan testified that she did not deposit the money received for the note but that she had put it in a deposit box.

Turning to the evidence of the plaintiffs, the plaintiff, Nina Webb, testified that the defendant had told her that he had paid Willie Richardson in full during his lifetime. The witness, Neil Webb, testified that after the death of Willie Richardson, Lora Sullivan had stated to him that she knew nothing whatever about the note.

Faced with this situation, the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony. Luna v. Flores, 64 N.M. 312, 328 P.2d 82; Greene v. Esquibel, 58 N.M. 429, 272 P.2d 330; Waters v. Blocksom, 57 N.M. 368, 258 P.2d 1135.

We deem plaintiffs' evidence substantial and, upon appellate review, we will not weigh the evidence where conflicts exist.

The judgment should be affirmed, and it is so ordered.

CARMODY and NOBLE, JJ., concur.

CHAVEZ and MOISE, JJ., not participating.