373 P.2d 918

Gene HINKLE, d/b/a Hinkle & Co.,
Realtors, Plaintiff-Appellee,

v.

Jack SCHMIDER, Norma Schmider and
Walter Schmider, Defendants-
Appellants.

No. 6873.

Supreme Court of New Mexico.

June 12, 1962.

Rehearing Denied Aug. 28, 1962.

Julius Wollen, Sutin & Jones, (on motion for rehearing) Albuquerque, for appellants.

Richard C. Civerolo, Pete V. Domenici, Albuquerque, for appellee.

CARMODY, Justice.

This is a suit by a real estate broker for his commission in a situation where the final purchase was not consummated, it having been determined in Bellamah v. Schmider, 1961, 68 N.M. 247, 360 P.2d 656, that the contract could not be specifically enforced because of a deficient tender of the down-payment. The defendant seller appeals from the granting of judgment in favor of the plaintiff broker.

The only real question concerns the claimed lack of good faith on the part of the plaintiff in failing to disclose the identity of the prospective purchaser, the defendants maintaining that the plaintiff had been instructed not to negotiate with the individual involved.

The case concerns the proposed sale of land which was involved in Bellamah v. Schmider, supra, but, except for the fact that the contract was found not specifically enforcible as between Bellamah and the defendants in that and in this case, there is little factual similarity. Actually, the instant case is concerned with the option signed by the sellers and the purchaser, whereas in Bellamah the controversy was with respect to a contract which superseded the option.

The defendants here failed in their brief to properly attack the findings, relying only on the testimony favorable to the defendants, making almost no reference to the proof supporting the decision and actually not even mentioning the findings of the trial court, except at one place in their brief wherein it is claimed "that the trial court committed reversible error by its Finding of Fact No. 4 and Conclusions of Law No. 1 and No. 3."

Our cases are almost without number in which we have said that, absent a proper attack on the findings, the facts so found will be the facts upon which our decision is based. Drake v. Rueckhaus, 1961, 68 N.M. 209, 360 P.2d 395; Bogle v. Potter, 1961, 68 N.M. 239, 360 P.2d 650; Swallows v. Sierra, 1961, 68 N.M. 338, 362 P.2d 391; and Hickman v. Mylander, 1961, 68 N.M. 340, 362 P.2d 500. Therefore, we will consider that the trial court's findings are the facts before us. These are as follows:

"FINDINGS OF FACT

"1. At all times material herein, above plaintiff was a duly qualified and licensed real estate broker in New

Mexico, and one Phil Black a duly qualified and licensed agent and salesman, working for plaintiff. That defendants were owners of real estate in Albuquerque, New Mexico, which they desired to sell.

"2. On February 4, 1958 said Phil Black, working for plaintiff, procured from defendant Jack Schmider, a married man, two written listings covering 37½ acres in Albuquerque, New Mexico, and from his brother, Walter Schmider, single, two written listings covering an adjoining 32.8 acres; that one of said listings from each brother covered the offering for sale of said property through the Multiple Listing Service of the Albuquerque Board of Realtors of Albuquerque, and the other of said listings gave plaintiff the exclusive right to sell same until May 4, 1958. These listings are covered by Plaintiff's exhibits 1 to 4 inclusive.

"3. On March 31, 1958 said brothers, joined by Norma Schmider, wife of Jack, executed an Option Agreement, Plaintiff's Exhibit 5 herein, whereby they agreed to sell to 'an undisclosed principal, represented by Gene E. Hinkle, Realtor, hereinafter known as Purchasers', the property in question, which agreement was thereafter carried to Dale J. Bellamah, who on April 1, 1958 executed the same as Purchaser. Said contract specifies a sales price of $190,000.00 and provides for a 6% real estate commission on said price, plus 3% sales tax on said commission.

"4. That the father of said brothers, Ed Schmider, who was their adviser, was opposed to selling said land to said Dale J. Bellamah. Nevertheless, he went along with the brothers signing said option, the evidence being conflicting as to whether or not said Bellamah's name was mentioned during the negotiations or whether inquiry concerning him as purchaser was made.

"5. That plaintiff procured a purchaser ready, willing and able to purchase said property on terms acceptable to said defendants, and that the 6% commission thereon is $11,400.00 and the sales tax thereon $342.00, for which latter sums plaintiff is entitled to judgment against defendants Walter Schmider and Jack Schmider."

The trial court's conclusions, based upon the above findings, are:

## "CONCLUSIONS OF LAW

"1. That plaintiff did not violate his fiduciary relationship with defendants, whom he represented as owners and sellers of the land in question.

"2. Said listings, Plaintiff's Exhibits 1 through 4, constitute sufficient memo-

randa under the statutes of New Mexico, providing that agreements for real estate brokers' commissions be in writing.

"3. That plaintiff procured a purchaser who was willing, able and ready to purchase on the terms specified in said Option Agreement, Plaintiff's Exhibit 5, and plaintiff was the procuring cause of the sale, and is accordingly entitled to judgment against said Walter and Jack Schmider for the commission specified in said listing, amounting to $11,742.00."

It is obvious that the only finding which concerns the claimed lack of good faith on the part of the plaintiff is finding No. 4, and it is equally apparent that the trial court was cognizant that the testimony on this subject was conflicting. However, the trial court determined the conflicting evidence in favor of the plaintiff when it made its conclusion No. 1 and entered judgment accordingly. The conflict is plain from a reading of the transcript, the plaintiff and his salesman having testified that there was no instruction by the defendants that they should not deal with Bellamah and that at or about the time of the signing of the option agreement, the plaintiff did not tell the defendants that the prospective purchaser was not Bellamah; the defendants' testimony, on the contrary, being to the effect that both the plaintiff and his salesman were specifically instructed not to deal with Bellamah, and that at the time of the signing of the option, plaintiff specifically told them that the undisclosed purchaser was not Bellamah.

■ As stated, this conflict was resolved by the trial court, and we will not substitute our judgment for that of the judge who heard the trial and observed the demeanor of the witnesses. Drake v. Rueckhaus, supra; Webb v. Richardson, 1961, 69 N.M. 15, 363 P.2d 626; and Davis v. Hartley, 1961, 69 N.M. 91, 364 P.2d 349.

We have no quarrel with the general authorities cited by the defendants, that failure to make a full, fair and prompt disclosure of a material fact is fatal to a broker's action for his commission. The defendants, however, place total reliance upon their own testimony and disregard the conflict above mentioned.

■ The defendants' requested findings and conclusions are directed entirely to the claimed violation of the fiduciary relationship, and although the court did not specifically deny the requests by any order, they were certainly denied by implication in the findings of fact and conclusions of law made by the court. In the last analysis, defendants' claim is one having to do with the substantial evidence rule, and even if there is doubt as to the meaning of the trial court's finding No. 4, it must be resolved to support the judgment. See, Hay v. New Mexico State Highway Department,

1959, 66 N.M. 145, 343 P.2d 845; Hogan v. City of Hot Springs, 1954, 58 N.M. 220, 269 P.2d 1102; and Reynolds v. Ruidoso Racing Association, Inc., 1961, 69 N.M. 248, 365 P.2d 671.

■■ The defendant also urges that the plaintiff has not earned his commission, since he did not produce a purchaser ready, willing and able to purchase on terms acceptable to his principal. This claim is in direct conflict with the court's finding No. 5. The same not having been properly attacked disposes of this claim of error. Totah Drilling Company v. Abraham, 1958, 64 N.M. 380, 328 P.2d 1083. Also, dispositive of this contention is the fact that the defendants made no requested findings as to the plaintiff having failed to produce a qualified purchaser, the defendants relying entirely in the trial court on the lack of good faith. Therefore, not having requested any findings on this phase, the claim is waived. See, Rule 52(B) (7), (§ 21–1–1 (52), N.M.S.A., 1953 Comp.), and Latta v. Harvey, 1960, 67 N.M. 72, 352 P.2d 649. See, also, Selby v. Tolbert, 1952, 56 N.M. 718, 249 P.2d 498.

■ The defendants lastly urge that the plaintiff failed to make a prima facie case in failing to prove that he produced a purchaser ready, able and willing. It is somewhat difficult to follow the line of argument of the defendants as to this, but apparently it is based upon the fact that the record does not disclose any meetings between the defendant and the prospective purchaser, Bellamah. They have cited no case that requires such a showing; and, again, it is quite apparent that the trial court felt that the plaintiff had done everything required of him under the listing.

The actual words used in the listing were:

"I agree to pay Broker 6% of the selling price and 3% sales tax on the commission. In the event that during the period of this contract (1) Broker secures a purchaser on the above terms *or at any other price or terms acceptable to me; * * *.*" (Emphasis added.)

It would seem that, when this language is considered together with the trial court's findings No. 3 and No. 5 above, there was nothing further that the plaintiff need do under his agreement with the defendants. His commission was earned, and thereafter the entire control of the negotiations was in the hands of the defendants, as sellers of the property. See, Simmons v. Libbey, 1949, 53 N.M. 362, 208 P.2d 1070, 12 A.L.R.2d 1404; and Carney v. McGinnis, 1961, 68 N.M. 68, 358 P.2d 694. We do not mean to imply that, in an ordinary transaction, a broker will have earned his commission after obtaining signatures on an option; but, here, absent a proper attack upon the findings of the trial court, liability results.

**354**

We find defendants' claims of error without merit, and the judgment of the district court will be affirmed. It Is So Ordered.

COMPTON, C. J., and NOBLE, J., concur.

CHAVEZ and MOISE, JJ., not participating.