396 P.2d 591

**BOARD OF COUNTY COMMISSIONERS OF DONA ANA COUNTY, New Mexico, Petitioner-Appellee,**

**v.**

**Jesse LITTLE and Ruby O. Little, Defendants-Appellants.**

**No. 7446.**

Supreme Court of New Mexico.

Nov. 9, 1964.

Earl E. Hartley, Atty. Gen., Oliver G. Ricketson, Joseph L. Droege and Neil Stillinger, Sp. Asst. Attys. Gen., Santa Fe, Dan Sosa, Jr., Dist. Atty., Third Dist., Las Cruces, for appellee.

T. K. Campbell, Las Cruces, for appellants.

HODGES, District Judge.

Petitioner condemned a 2.742 acre strip of land and certain improvements, belonging to the defendants, in connection with a highway project. The new highway substantially follows the line of an old highway. The action was tried to the court without a jury, and the court awarded $11,000.00 for the land and improvements taken. There is no appeal from these awards. Defendants also sought and the court refused any award for consequential damage to 127 acres of irrigated farm land which remained, and the defendants have appealed from this decision.

On August 22, 1958, before the new highway was built, the tract of land involved was flooded because of a heavy rain, drainage, or floods from arroyos northerly of defendants' land, because a dam protecting the 127 acre tract broke and because the old highway itself acted as a dike. The water rose in the tract involved and stood about six inches high at which time it crossed over a low point in the road from north to south into the Telles farm. The water stood on defendants' tract some three or four days before it seeped in or evaporated. There is apprehension on the part of the defendants that the same or similar condition may occur again and because of a change in the grade of the highway, water will back up and stand on their land several inches higher than before; and for this the defendants claim consequential damage. There has been no similar flood since 1958 and the defendants have suffered no flood damage since 1958 up until the time of the trial court's decision in September, 1962.

The defendants have set forth three requested findings of fact which the court refused; and have attacked, by proper exceptions, three findings of fact which the court made. The failure of the trial court to make the three requested findings of fact must be regarded as findings against the defendants, who had the burden of establishing such facts. Hoskins v. Albuquerque Bus Co., 1963, 72 N.M. 217, 382 P.2d 700.

The court's findings of fact, which are attacked, are as follows:

"7. The Court finds that along this portion of the property complained of,

the rise was from five to seven inches on the west and worked down to five inches on the east at a gradual slope, that is in front of this particular piece of land; that there are places in the new road which are lower than the old road.

"8. \* \* \* that the Defendant has tried to protect himself by placing a high border cutting off 16 acres of this tract, forcing the water up and over the roadbed.

"9. That the slight rise of the road does not increase the amount of damage done to the land; it might cause the water to become five inches deeper, but the damage done by the flood to this property has not changed materially from what it was before as damage would already have been done before the build-up of five inches."

■ The court also made the following findings which are not attacked:

"12. That the flood that occurred on said defendants' property previous to the condemnation action was occasioned when a dike built by the defendants, Jesse Little and Ruby O. Little, on another's property broke, releasing impounded waters upon their lands.

"13. That subsequent to said flood in 1957 (sic), and subsequent to the installation of the new roadway, rains have fallen in the general area in greater volume than those that caused the flood in 1957 (sic), without any damages and floods occurring to the property of the Defendants, Jesse Little and Ruby O. Little.

"14. That the testimony is highly speculative and conjectural in regard to rainfall, that is, if and when we have a certain type of rain, if and at a certain place, certain things will happen, which may be true, but it has always been that way and is not changed now."

"[C]onclusions of law must be predicated upon, and supported by, findings of fact." Isaac v. Seguritan, 1960, 66 N.M. 410, 349 P.2d 126.

The pertinent conclusion of law is:

"3. That there was no material change in the roadbed, and a change which does not cause consequential damage."

"Material" is defined as "of much consequence or important; of such significance as to be likely to influence the determination of a cause." The Oxford Universal Dictionary, Third Edition, 1955.

■ Not every change in grade is compensable. "It must be a material change and one which causes consequential damage." Board of County Commissioners of Lincoln County v. Harris, 1961, 69 N.M. 315, 318, 366 P.2d 710, 712.

██ Finding No. 7 (except to the extent it indicates a change in grade) and the portion of finding No. 8, which is attacked, are erroneous and are not supported by substantial evidence, but these facts are immaterial to the trial court's decision. Finding No. 9, when considered with both the evidence and findings numbered 12, 13 and 14, is supported by substantial evidence. This court must take into consideration all of the evidence presented to the trial court and the findings of fact based thereon, and then determine whether the findings are supported by substantial evidence. Hoskins v. Albuquerque Bus Company, supra.

██ Erroneous findings of fact do not require reversal, if sufficient findings remain upon which to sustain the judgment. Koeber v. Apex-Albuq Phoenix Express, 1963, 72 N.M. 4, 380 P.2d 14. An erroneous findings of fact which is immaterial to the decision in the case is harmless error and cannot be the basis for a reversal. Melfi v. Goodman, 1963, 73 N.M. 320, 388 P.2d 50. The findings of fact, which are supported by substantial evidence, must be read together to determine if the trial court's decision is justified. Hoskins v. Albuquerque Bus Company, supra; Hay v. New Mexico State Highway Department, 1959, 66 N.M. 145, 343 P.2d 845. Ignoring the erroneous and immaterial findings, there are sufficient findings of fact, supported by substantial evidence, to justify the trial court's decision. In this case, it appears that the apprehension of possibility of consequential damage is too speculative for the award of any damages.

██ The trial judge viewed the premises on four occasions sometime between May 20, 1962, the trial date, and September 20, 1962, as shown by the trial court's decision, filed September 20, 1962; and at least one view was requested by the defendants. The fact trier is permitted to use the knowledge gained by a view of the premises, not only to interpret the evidence offered, but also as independent evidence of the facts as these appear to him. Damage or non-damage can be ascertained upon this combination of evidence. Board of Commissioners of Dona Ana County v. Gardner, 1953, 57 N.M. 478, 260 P.2d 682. However, we do not wish to be understood as saying that a view of the premises will obviate proper findings of fact and the necessity of substantial evidence to support such facts.

We hold that there are sufficient findings of fact, supported by substantial evidence to support the decision of the trial court that the change in grade is not material and that no compensable, consequential damage resulted.

The judgment appealed from is affirmed. It is so ordered.

CARMODY and CHAVEZ, JJ., concur.