462 P.2d 137

The CITY OF TRUTH OR CONSEQUENCES, a Municipal Corporation, Plaintiff-Appellant,

v.

Frank PIETRUSZKA and Mrs. Frank (Audre) Pietruszka, Defendants-Appellees.

No. 8824.

Supreme Court of New Mexico.

Dec. 8, 1969.

**4**

Frederick A. Smith, Truth or Consequences, for plaintiff-appellant.

Garnett R. Burks, Jr., Las Cruces, for defendants-appellees.

## OPINION

COMPTON, Justice.

Appellant instituted this action to condemn two lots, the property of appellees of the alleged value of $720.00 for the purpose of a public housing project. Appellees answered claiming the value of the lots to be $3,500.00. The issue of damages was tried to the court and, at appellant's request, the court viewed the premises before making its decision. The court found that the lots had a market value of $1,632.00 at the time of the taking. Judgment was entered accordingly, and the appellant appeals.

The appellant offered evidence that the market value of the lots was $720.00 and contends here that there is no evidence in the record that would support a finding by the trial court of a greater market value. We are unable to agree with the appellant. There is evidence of a substantial nature that some six years previously appellees had

paid $1,200.00 for the lots in question and such evidence affords ample basis for an award of $1,200.00. Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So. 2d 308. See 5 Nichols on Eminent Domain, § 21.2 and 1 Orgel on Valuation under Eminent Domain, § 136. State ex rel. State Highway Commission v. Chavez, 80 N.M. 394, 456 P.2d 868.

The appellant insists that since appellees purchased a total of eight lots in a single transaction, including the lots in question, the purchase price rule does not apply. The trouble with appellant's position is that the proof is to the contrary. Appellee, Frank Pietruszka, testified that he traded a jeep worth $2,500.00 for the remaining six lots; that the lots were not contiguous and that he made a separate deal for the lots in question, paying therefor $1,200.00.

But we find no support for an award above $1,200.00. No proof whatever was offered as to any value of the lots above that amount. While a view of the premises by the trier of the facts may be deemed independent evidence, Board of Com'rs of Dona Ana County v. Gardner, 57 N.M. 478, 260 P.2d 682, information obtained from such view cannot serve as the sole basis of an award. Compare American Telephone & Tel. Co. of Wyo. v. Walker, 77 N.M. 755, 427 P.2d 267; Board of County Com'rs of Dona Ana County v. Little, 74 N.M. 605, 396 P.2d 591.

We conclude that the trial court erred in the application of the measure of damages by $432.00. Appellees may within fifteen days file a remittitur with the clerk of the district court in the amount of $432.00 from the $1,632.00 judgment in their favor, and the judgment will be affirmed for $1,200.00, each party to bear his own costs; otherwise, the judgment will be reversed and remanded for a new trial on the issue of damages.

It is so ordered.

MOISE, C. J., and WATSON, J., concur.