598 P.2d 649

Manuel A. MARTINEZ and Patricia A. Martinez, Plaintiffs-Appellants,

v.

RIO RANCHO ESTATES, INC., and Amrep Construction Corporation, as New Mexico Corporations, Defendants-Appellees.

No. 3697.

Court of Appeals of New Mexico.

July 5, 1979.

David W. King, Albuquerque, for plaintiffs-appellants.

Richard A. Winterbottom, Jerrald J. Roehl, Jerrald J. Roehl & Associates, Albuquerque, for defendants-appellees.

OPINION

WALTERS, Judge.

The interesting question presented: Shall an engineer-expert, who is also an attorney and has signed one of the pleadings in the case but participated no further as an attorney, be excluded as an expert witness on matters not concerned with the attorney-client privilege? is not reached on this appeal, because we decide it on another ground.

Martinez complains on appeal that the trial court committed error in refusing to allow his engineering expert to testify on rebuttal. The same witness had originally signed an entry of appearance on behalf of defendant Rio Rancho, but although no withdrawal and substitution of counsel were filed, he did not, in fact, act any further as an attorney in the case. At oral argument counsel for appellant advised the court that he learned of the witness's expertise a few days before trial, and he sought to have him testify in appellant's case-in-chief. However, upon objection by Rio Rancho that the name of the witness was not included in the pre-trial order and that his testimony would be a surprise, the trial court sustained the objection and would not permit the witness to take the stand.

The witness had written a letter to Rio Rancho which might have had substantial bearing on Martinez's claim for punitive damages, and it was with respect to the contents of the letter that Martinez wished to examine the expert in the presentation of his case. In ruling that the witness could not testify, because of surprise to appellee, the court suggested that the letter be introduced through another witness. It was intimated at oral argument that Martinez inadvertently rested without introducing the letter, so counsel attempted to bring the witness back on rebuttal notwithstanding the court's earlier ruling that the witness would not be allowed to testify.

Rule 16, R.Civ.P., N.M.S.A.1978, provides that the trial court may enter a pre-

trial order which, "when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." It was said in *State ex rel. State Highway Dept. v. Branchau,* 90 N.M. 496, 565 P.2d 1013 (1977), that the justification behind this rule is to prevent surprise and to get away from the "sporting" theory of justice. Since appellant admits that he learned of the witness's expertise several days before trial but took no action to advise opposing counsel or to have the name included in the list of witnesses contained in the pre-trial order, the court acted well within its discretionary power in refusing to disregard the limitations of the pre-trial order both times the witness was called.

The trial court's suggestion that the damaging letter be introduced through another witness is further reason for us to support the manner in which it exercised its discretion. *See Tobeck v. United Nuclear-Homestake Partners,* 85 N.M. 431, 512 P.2d 1267 (Ct.App.1973).

Whereas rebuttal witnesses are not usually required to be listed in pre-trial orders because they cannot be anticipated, this is not such a case. The tender of the excluded evidence discloses that the witness's testimony would have parallelled testimony which was presented in plaintiff's case-in-chief by his other expert. Moreover, it was essentially an expansion of the same information as was contained in the letter which plaintiff failed to introduce. Thus it was not, technically, rebuttal evidence. The trial court's ruling was not error.

The judgment is affirmed.

IT IS SO ORDERED.

HENDLEY and ANDREWS, JJ., concur.