632 P.2d 350

**EL PASO ELECTRIC COMPANY et al.,
Plaintiffs-Appellants,**

v.

**Stewart M. PINKERTON, Jr., et al.,
Defendants-Appellees.**

**No. 13167.**

Supreme Court of New Mexico.

April 21, 1981.

Martin, Martin, Lutz & Cresswell, Stephen A. Hubert, James T. Martin, Las Cruces, for plaintiffs-appellants.

Bivins, Weinbrenner, Regal, Richards & Paulowsky, William W. Bivins, Neil Weinbrenner, Campbell, Reeves, Burn, Dolan & Burn, T. K. Campbell, Las Cruces, for defendants-appellees.

## OPINION

PAYNE, Justice.

Three public utilities sought to condemn certain lands of seven defendants for the purpose of constructing transmission lines. The jury returned a consolidated condemnation award for the defendants in the amount of $203,000.00. El Paso Electric appealed. It raises four points on appeal: (1) that the court erred in giving a jury instruction which allowed the jury to consider loss of crops as an element of special damages; (2) that the court erred in refusing to permit El Paso Electric's witness to give rebuttal testimony as to the value of the land after the construction of the transmission lines; (3) that the court erred in giving a non-uniform instruction, and (4) that the court abused its discretion by allowing the defendants to recover separate costs for the use of the same expert witness. We affirm the trial court on all points.

■ We hold that the trial court did not commit error in giving an instruction that allowed the jury to consider loss of crops as an element of special damages. The challenged instruction, adapted from N.M.U.J.I.Civ. 7.10, N.M.S.A.1978 (Repl. Pamp.1980), stated:

In addition to determining the value of the land taken, you may consider the following items of special damages claimed by the landowner:

(a) Loss of damage to or decrease in yield of crops of Defendants Gray, Hernandez, Brooks and Perea.

Where there is only a partial taking of land in an eminent domain action the measure of damages is the difference in the value of the property immediately before and the value immediately after the taking. *Board of Trustees v. B. J. Service, Inc.*, 75 N.M. 459, 406 P.2d 171 (1965); *Board of County Com'rs v. Slaughter*, 49 N.M. 141, 158 P.2d 859 (1945). This "before and after" rule is designed to compensate the landowner for the diminution in the fair market value of the land caused by the taking. The value of the land is determined by examining what an unobligated, willing purchaser would pay. *Board of Trustees v. B. J. Service, Inc., supra.* The challenged instruction allowing the jury to consider crop damage as an element of special damages is not inconsistent with this "before and after" rule.

■ In this case certain of the defendants claimed damage in addition to the mere taking of land. These additional damages resulted from the loss of several cuttings of their alfalfa crop caused by the construction of the transmission lines. This loss was properly considered special or consequential damages. An existing crop is a condition which a willing, unobligated buyer would consider in arriving at a price for the property. Therefore, crop damages of this type may be included in a condemnation award. The court did not err in giving the requested instruction and allowing the jury to consider crop damage.

■ The trial court did not commit error or abuse its discretion in refusing to allow Ronald Crouse to testify. Mr. Crouse's testimony was excluded for two reasons. The trial court has broad discretion in the exclusion or admission of testimony concerning purchases of property made subsequent to a condemnation proceeding. *See State ex rel. State Highway Commission v. Bassett*, 81 N.M. 345, 467 P.2d 11 (1970). Mr. Crouse had previously been a defendant in this condemnation suit but had settled prior to trial. He purchased a number of tracts of land involved in the

condemnation proceeding from other land-owners who had also settled with El Paso Electric. He could have testified only as to purchases of property made after the condemnation action. Mr. Crouse was not listed in the pre-trial order as a prospective witness. We have held that it was an abuse of discretion for the trial court to allow a witness to testify in a condemnation proceeding who had not been listed in the pre-trial order. *State ex rel. S. Hwy. Dept. v. Branchau*, 90 N.M. 496, 565 P.2d 1013 (1977). El Paso Electric argues that Mr. Crouse should have been allowed to testify even though he had not been listed in the pre-trial order because his testimony was "rebuttal" testimony and not part of its case-in-chief. El Paso Electric cannot escape a requirement imposed by the pre-trial order by simply labeling Mr. Crouse's testimony as "rebuttal." It knew that the defendants would offer evidence relating to the fair market value of their property after the taking. There was a sufficient basis for the trial court to exercise its discretion in holding Crouse's testimony inadmissible.

 The defendants' third point of error is that the trial court abused its discretion by using a non-uniform jury instruction. This challenged instruction reads:

> In determining the fair market value of the property after the taking, you should consider the value of the land actually taken and the damage, if any, to the remaining land not taken but injuriously affected.

While this particular instruction is ambiguous and obscures the "before and after" formula for measuring damages, we do not feel it was prejudicial to the plaintiffs. The challenged instruction was given as an aid in the determination of the fair market value of the land. Other instructions properly defined the "before and after" measure of damages. An unnecessary and non-prejudicial instruction is not grounds for reversal if it does not mislead the jury. *See generally Mining Co. v. Hendry*, 9 N.M. 149, 50 P. 330 (1897). Here we do not find that the jury was misled.

We also affirm, without discussion, the trial court's award for expert witness fees. Section 38–6–4(B), N.M.S.A.1978 allows district judges to award additional compensation for expert witnesses' investigation and preparation prior to testifying. The fee for these services "may be allowed by the court to the prevailing party [but] shall not exceed seven hundred fifty dollars ($750)."

For the foregoing reasons we affirm the trial court on all points and remand for entry of judgment consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior J., and FEDERICI, J., concur.