This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**US BANK NATIONAL ASSOCIATION, as Trustee for RASC 2005-KS10,**

    Plaintiff-Appellee,

**v.**                                                                              **No. 33,651**

**ANNA MARIE SALAZAR, a/k/a ANNAMARIE SALAZAR, and JOHN SALAZAR,**

    Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeff McElroy, District Judge**

The Castle Law Group LLC
Elizabeth Dranttel
Albuquerque, NM

for Appellee

Anna Marie Salazar
John C. Salazar

Pro Se Appellants

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Defendants appeal from a combined default judgment, summary judgment, and decree of foreclosure. We issued a notice of proposed summary disposition, proposing to affirm. Defendants have filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** With respect to their second and fourth issues, we understand Defendants to continue to complain of the district court's alleged failure to notify them via mail of certain events. [DS 1; MIO 1-2] However, insofar as there has been no showing of prejudice, these irregularities supply no basis for relief on appeal. *See generally El Paso Elec. Co. v. Real Estate Mart, Inc.*, 1982-NMCA-117, ¶ 31, 98 N.M. 570, 573-74, 651 P.2d 105 ("Every error does not warrant reversal, and we will not reverse absent a showing of prejudice.").

**{3}** With respect to their first issue, Defendants clarify their intent to challenge the sufficiency of Plaintiff's showing of default and entitlement to foreclose. [MIO 1] However, as we previously observed, documents attached to Plaintiff's complaint established its standing and documents attached to Plaintiff's motion for summary judgment supplied the requisite evidence of Defendants' default. [RP 14, 36, 58-69] *See Bank of New York v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1 (observing that standing in a foreclosure action may be established by demonstrating ownership of the

note and the mortgage as of the time of the filing of the complaint); *Alliance Health of Santa Teresa, Inc. v. Nat'l Presto Indus., Inc.,* 2007-NMCA-157, ¶¶ 14-16, 143 N.M. 133, 173 P.3d 55 (observing that documents attached to a motion for summary judgment supplied competent evidence of payment history); *see generally* Rule 11-1003 NMRA (providing that duplicates are admissible to the same extent as original documents, "unless a genuine question is raised about the original[s'] authenticity or the circumstances make it unfair" to admit the duplicates).

**{4}**  By their third issue, Defendants suggest that a hearing on their merits should have been conducted, based on perceived "lack of evidence," "discrepancies," and concerns about "authenticity of each document[.]" [MIO 1-2] However, the district court's election to rule on the matter without conducting a hearing was well within its discretion, particularly in light of Defendants' failure to file any substantive responsive pleading below. *See generally Sanchez v. Church of Scientology of Orange Cnty.*, 1993-NMSC-034, ¶ 16, 115 N.M. 660, 857 P.2d 771 ("It is within the district court's discretion when considering a motion for summary judgment to hold an oral hearing.").

**{5}**  Relatedly, by their fifth, sixth, seventh, eighth, ninth, and tenth issues, Defendants continue to assert that matters outside the record and arguments never presented below undermine Plaintiff's assertion of standing and suggest that their

request for reinstatement was handled improperly. [MIO 2] However, as we previously explained, in light of Defendants' failure to develop any of these arguments below, as well as the absence of anything in the record to support Defendants' theories, these matters present no basis for relief on appeal. *See Los Vigiles Land Grant v. Rebar Haygood Ranch, LLC*, 2014-NMCA-017, ¶ 20, 317 P.3d 842 (observing that where the evidence in the record indicated that the plaintiff organization had standing, and where there was no evidence in the record to the contrary, the defendants' unsupported standing argument did not provide a basis on which to attack subject matter jurisdiction); *see generally Lujan ex rel. Lujan v. Casados-Lujan*, 2004-NMCA-036, ¶ 20, 135 N.M. 285, 87 P.3d 1067 ("Bedrock principles of appellate law dictate that matters not of record present no issue for review . . . and that error must be clearly demonstrated."). Defendants' lack of familiarity with the Rules of Procedure does not require a different result. [MIO 1-2] *See generally Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (observing that pro se litigants must comply with the rules of the court and will not be treated differently than litigants with counsel).

{6} Accordingly, for the reasons stated in this Opinion and in the notice of proposed summary disposition, we affirm.

{7} **IT IS SO ORDERED.**

4

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**M. MONICA ZAMORA, Judge**