565 P.2d 1013

STATE of New Mexico, ex rel. STATE HIGHWAY DEPARTMENT of New Mexico, Petitioner-Appellant,

v.

Dorothea A. BRANCHAU et al., Defendant-Appellee.

No. 11201.

Supreme Court of New Mexico.

June 22, 1977.

Toney Anaya, Atty. Gen., Richard Russell, Henry Rothschild, State Highway Dept. Asst. Attys. Gen., Santa Fe, for appellant.

Jones, Gallegos, Snead & Wertheim, J. E. Gallegos, Steven L. Tucker, Santa Fe, for appellee.

## OPINION

McMANUS, Chief Justice.

The State of New Mexico brought an eminent domain action in the District Court of Quay County seeking to acquire some of Branchau's property. The jury returned a verdict in the sum of $21,800 and the State appealed. We reverse.

The State's basic contention was that the trial court erred in permitting Nathan Bell, an expert witness called on behalf of Branchau, to testify even though he was not listed in the pretrial order. The State objected immediately after opening argument when Bell's name was revealed and later when Bell was called to testify. The State also objected to the trial court's denial of its requested motion to question the jury on voir dire concerning any business or personal relationships between Bell and the jurors.

The pretrial order provided that the State and Branchau were to exchange appraisal reports and the names of all of the witnesses on October 5, 1976. Trial was scheduled to start October 12, 1976. Appellee contends that since Bell did not give a value statement it was unnecessary to name him according to the pretrial order and that she informed the State that she would call a "land value witness" and the State did not object when the witness's identity was not disclosed.

N.M.R.Civ.P. 16 [§ 21-1-1(16), N.M.S.A. 1953 (Repl. Vol. 4, 1970)] concerning pretrial procedures provides:

The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.

The pretrial order determines the issues and becomes the law of the case. *Johnson v. Citizens Casualty Company of New York*, 63 N.M. 460, 321 P.2d 640 (1958). As set forth in the rule, the test for modification is the prevention of manifest injustice which determination is within the discretion of the trial court. *Herrera v. Springer Corporation*, 89 N.M. 45, 546 P.2d 1202, cert. denied, 89 N.M. 206, 549 P.2d 284 (1976). Such decision is reviewable for an abuse of that discretion. *Transwestern Pipe Line Company v. Yandell*, 69 N.M. 448, 367 P.2d 938 (1961).

The Court of Appeals in a similar situation held that the trial court did not abuse its discretion in permitting a witness to testify whose identity was not revealed at the time set forth in the pretrial order. In *Tobeck v. United Nuclear-Homestake Partners*, 85 N.M. 431, 512 P.2d 1267 (Ct.App. 1973), the pretrial order stated that the parties would exchange the names of the witnesses thirty (30) days before trial. However, seventeen (17) days before the trial the defendants notified the plaintiff that they were calling an additional expert witness. Since the witness was using the same data, no new issues were developed, and there was a substantial period of time between the disclosure and trial, the Court of Appeals held that this was not error.

The facts here are substantially different than in the *Tobeck* case and therefore a different conclusion is merited. The names of the witnesses were scheduled to be exchanged seven (7) days before trial. Because of the type of case involved, this would have been adequate time to make objections or to pursue discovery. Here the State was unaware of the additional witness until after trial started. The State had no time to object to or discover the contents of Bell's testimony. It was entitled to rely upon the information it received pursuant to the pretrial order and there was no reason for it to anticipate that in the midst of the trial an unexpected "expert" would appear. Although Branchau offered to make Bell available after the trial recessed in the evening, this was not an adequate protection. Consequently, a problem arose later when it was discovered that Bell was acquainted with the majority of the jurors (a not uncommon situation in a small town).

There is also no indication that "manifest injustice" would have occurred to Branchau without this evidence. Branchau conceded that Bell's testimony was cumulative and general. There was no showing that this was newly discovered or critically important evidence. However, we are not prepared to say that this was harmless error because there is no way of knowing what impact this additional, albeit general, testimony had on the jury's decision.

The justification behind Rule 16, supra, is to prevent surprise and to get away from the "sporting" theory of justice. *Tobeck v. United Nuclear-Homestake Partners*, supra. Clearly, the State was taken by surprise and therefore was unprepared properly to challenge Bell's testimony. There was no apparent necessity to permit Bell to testify over the objections of the State during the course of the trial without adequate notification.

We therefore hold under these circumstances, that the trial court abused its discretion in permitting Bell to testify when Branchau failed to follow the pretrial order. Because of this disposition, we need not consider the issue of prohibiting the State from examining the jurors concerning their relationship with Bell.

The judgment is reversed and the case is remanded to the District Court of Quay County to grant the State a new trial in accordance with this opinion.

IT IS SO ORDERED.

EASLEY and PAYNE, JJ., concur.