725 P.2d 599

Gilbert GALLEGOS, Plaintiff-Appellee,

v.

**YEARGIN WESTERN CONSTRUCTORS, Employer, and Aetna Insurance Company, Insurer, Defendants-Appellants.**

No. 8746.

Court of Appeals of New Mexico.

Aug. 28, 1986.

Daniel J. O'Brien, Beall & Dawe, Albuquerque, for defendants-appellants.

Dennis P. Murphy, Montoya, Murphy, Kauffman & Garcia, Santa Fe, for plaintiff-appellee.

OPINION

BIVINS, Judge.

Defendants appeal from a judgment awarding plaintiff worker's compensation benefits, claiming abuse of discretion by the trial court in (1) refusing to modify its pretrial order to allow defendants to identify additional witnesses for trial after the deadline for doing so had expired; and (2) refusing to delay the trial to await the arrival of defendants' unsubpoenaed medical witness. Finding no abuse, we affirm.

This case provides a model for how a worker's compensation claim should be expedited. *See* NMSA 1978, § 52-1-35(A) (Repl.Pamp.1985). *Cf. Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). Plaintiff filed his complaint on December 17, 1984. Trial was held on May 13, 1985, and a decision with complete findings and conclusions covering

all issues, including attorney fees, together with judgment were entered on July 23, 1985, approximately seven months after filing of the complaint. It would have been even quicker had not defendants requested, and been granted, a continuance of an earlier trial setting in order to complete discovery.

How was this accomplished? First, within a month of filing the complaint, the trial court scheduled a trial setting for April 18, 1985, later continued at defendants' request. Second, the trial court then scheduled a pretrial conference for March 29, 1985, and entered, on that same day, a pretrial order which, among other things, narrowed and defined the contested issues, required identification of witnesses and exhibits, established controls in discovery, and fixed time limits to assure no delays. Finally, the trial court held the parties' feet to the fire in carrying out the pretrial order.

Defendants claim that as a result of the trial court's unwillingness to relax the time constraints they have been burned. We hold they have only been singed.

### 1. Refusal to Modify the Pretrial Order

The pretrial order provided that "[a]ll witnesses shall be divulged to opposing counsel in writing no later than April 18, 1985." Plaintiff listed his witnesses in the pretrial order, but defendants identified no witnesses, indicating only that they may call plaintiff or any of his listed witnesses. On April 18, the deadline for disclosing additional trial witnesses, plaintiff's counsel received a letter from defense counsel identifying as possible witnesses Drs. Rachelson and Thal, an unnamed doctor in Las Vegas, and "[a] representative of Yeargin Western Constructors whose name is yet to be ascertained." Plaintiff's attorney immediately responded by letter advising that the general description of the Las Vegas doctor and the employer's representative did not comply with the pretrial order and that he would be obliged to object at trial to any surprise witnesses. Defense

counsel advised by letter dated and received on April 25, that he planned to call, as the employer's representative, either Dane J. Jay or Bob Higgins. The letter also identified Dr. Lopez as the Las Vegas doctor. In addition, defendants named, for the first time, Steve Scharfstein as representative for the insurance carrier. Without disclosing what each of those witnesses would testify to, the letter simply states that "[t]he above witnesses and their roles in this case should be known by you and/or your client."

Defendants filed a motion on May 2 to modify the pretrial order to allow them to call the additional witnesses. Following a telephone conference on May 7, the trial court entered its order denying the motion. The order recites the pretrial order, its time constraints for disclosure of witnesses, the fact that one continuance had been granted defendants, and found that plaintiff would be prejudiced should defendants be allowed to call witnesses at trial who had not been disclosed as ordered due to plaintiff's inability to prepare to meet the testimony of the undisclosed witnesses.

NMSA 1978, Civ.P. Rule 16 (Repl.Pamp. 1980) provides that a pretrial order, when entered, controls the subsequent course of the action, "unless modified at the trial to prevent manifest injustice." Amendment or modification is discretionary with the trial court. *State ex rel. State Highway Department v. Branchau*, 90 N.M. 496, 565 P.2d 1013 (1977); *Herrera v. Springer Corp.*, 89 N.M. 45, 546 P.2d 1202 (Ct.App. 1976). The appellate issue is whether the trial court abused its discretion. *Id.*

A number of the cases discussing this issue involve situations where the witness was apparently disclosed for the first time at trial. *See, e.g., El Paso Electric Co. v. Pinkerton*, 96 N.M. 473, 632 P.2d 350 (1981); *Branchau; Wirth v. Commercial Resources, Inc.*, 96 N.M. 340, 630 P.2d 292 (Ct.App.1981). In those cases, with the exception of *Branchau*, the appellate courts had little difficulty in upholding the ruling of the trial court. Where disclosure

is made after the deadline, but in advance of trial, the results have been more varied.

In *Tobeck v. United Nuclear-Homestake Partners*, 85 N.M. 431, 512 P.2d 1267 (Ct. App.1973), this court upheld the trial court's ruling allowing defendant to call an expert identified after the deadline but seventeen days before trial. The court stated that neither the theory of the case nor the issues developed (presumably through the expert) was affected by the modification of the pretrial order.

In *Herrera v. Springer Corp.*, (Hendley, J., concurring in part and dissenting in part), this court affirmed the trial court's refusal to permit a party to call an expert, identified four or five days before trial but beyond the deadline in the pretrial order, reasoning that the trial court "may have been influenced by the obvious prejudice to WABCO in being presented with new evidence and a new expert in the middle of trial." *Id.* 89 N.M. at 49, 546 P.2d at 1206. The court in *Herrera* distinguished *Tobeck* on this basis and also the amount of time in which notice of the witness was given before trial. Judge Hendley dissented in *Herrera* on this issue. *See also Martinez v. Rio Rancho Estates, Inc.*, 93 N.M. 187, 598 P.2d 649 (Ct.App.1979), where the court upheld the trial court's refusal to permit expert disclosed a few days before trial because of surprise.

In the case before us, after plaintiff's counsel put defendants on notice that objection would be made to the unidentified witnesses, defendants, for the first time, named two possible alternative witnesses to testify as representatives of the employer and one for the insurance carrier. No attempt was made to reveal the nature of what these witnesses would testify about at trial; only that "their roles in this case should be known by you and/or your client." That communication occurred on April 25, three weeks before trial. Instead of revealing the substance of the testimony expected to be presented by these witnesses and making them available for deposition (the discovery time expired on April 30), defendants, instead, filed a motion to

modify on May 2. In that motion, defendants, for the first time, indicated the substance of the evidence to be presented through the witnesses. It states that "Steve Scharfstein, on behalf of Aetna and Yeargin, communicated to the Plaintiff and his attorney, David Garcia, that light duty work was available at Yeargin." The motion does not reveal what either Mr. Jay or Mr. Higgins would testify about at trial. The time for completing discovery had already expired by this time. The trial court indicated during the telephone conference on May 7 that one week was not sufficient time for plaintiff to meet this testimony.

 Under these circumstances, we believe the trial court was justified in refusing to allow modification of the pretrial order to allow defendants to call the witnesses. It is not up to the party resisting the motion to seek discovery in order to fully develop and counter what the proponent hopes to prove. That party, when it becomes aware of the need for unnamed witnesses, should fully identify the witness or witnesses, provide the substance of what he or they will testify to, and then make him or them available for deposition without notice. That was not done here. Moreover, the trial court had already delayed the trial of this case once so defendants could adequately prepare. We find no abuse of discretion.

### 2. Continuance

Plaintiff completed presentation of his case at approximately 3:00 p.m. the day of trial. Defense counsel announced that the only live witness he planned to offer was Dr. Thal and that he would arrive at approximately 4:45 p.m. After a recess, plaintiff objected to any further delay, which objection the trial court sustained. Since defendants did request the trial court to await the arrival of Dr. Thal, the matter appears to have been treated as a request for a short continuance, and we will analyze it as such on appeal. The denial of a continuance is reviewed on an abuse of discretion standard. *State v. Tovar*, 98 N.M. 655, 651 P.2d 1299 (1982).

After defense counsel advised the trial court that Dr. Thal's arrival would be delayed, the following exchange took place:

> Mr. O'Brien: Our process server did not serve him, we sent out the subpoenas and then he came back Friday afternoon and said, apparently he got mixed up with my secretary and got the message that he wasn't supposed to serve him, and, at any rate, so that's the situation.

> Judge Flores: I hate to deny the defendant his right to have witnesses, but I can't run the courts waiting for people to come in at their convenience. Now I can understand Mr. O'Brien's subpoenaing a witness and the witness not showing, I don't mind delaying a trial, and hold the witnesses in contempt or having them appear before me * * *. But if there has been no subpoena for the man and no good faith effort to try and get him up here before the court * * *.

 We note that defendants had not subpoenaed Dr. Thal so as to assure his attendance. *See* NMSA 1978, Civ.P.R. 45 (Repl.Pamp.1980). A party has an obligation to subpoena a witness if he wants to assure his presence. *See State v. Melton*, 90 N.M. 188, 561 P.2d 461 (1977).

A similar situation arose in *Napolitano v. Compania Sud Americana De Vapores*, 421 F.2d 382 (2nd Cir.1970), where the trial court refused to recess from 12:20 p.m. to 2:00 p.m. in order that a defense medical witness could testify. While noting that it would have ruled differently had it been the trial judge, the appeals court refused to find abuse of discretion and upheld the ruling, although it noted that it "may find it necessary to consider such a pattern of conduct as detrimental to the administration of justice" should it continue. *Id.* at 385. The trial judge's zeal to move his calendar had precipitated other appeals.

Considering the fact that defendants had not subpoenaed Dr. Thal and had not proffered his testimony by way of deposition, we are unable to say the trial court abused its discretion in refusing to grant a continuance. The situation here is less onerous than in *Napolitano* where the delay would have occurred during what was normally the lunch recess.

We affirm. Plaintiff is awarded $1,500 attorney fees for preserving his award on appeal.

IT IS SO ORDERED.

DONNELLY and ALARID, JJ., concur.