742 P.2d 1047

**Isabel Q. GONZALES, Petitioner,**

**v.**

**Hon. Petra Jimenez MAES, District Judge, Respondent.**

**No. 17090.**

Supreme Court of New Mexico.

Sept. 14, 1987.

Hooker & Lombardi, Thomas F. Hooker, Jr., Albuquerque, for petitioner.

Marchiondo, Vigil & Voegler, William C. Marchiondo, Douglas G. Voegler, Albuquerque, Sommer, Udall & Hardwick, Eric M. Sommer, Santa Fe, for real parties in interest.

**OPINION**

RANSOM, Justice.

Petitioner asked this Court to command the district court to cease and desist from further proceedings in the matter of *Webco, Inc. v. Isabel Q. Gonzales, et al.,* No. SF (Santa Fe) 84–1996(C), on the grounds that the district court lost jurisdiction over

the case. Following a docket control dismissal without prejudice subject to reinstatement upon request to the court, a motion to reinstate the cause upon the docket was not ruled upon within thirty days. It was argued that the court lost jurisdiction after the lapse of thirty days. On June 3, 1987, this Court denied the petition for writ of prohibition or of superintending control.

Because this issue has been before the Court at other times this calendar year in the form of requests for extraordinary writs, we now clarify the law as it relates to docket control orders. Here, suit was filed on October 24, 1984, and the last responsive pleading was filed on January 8, 1985. On August 27, 1986, the district court entered an order dismissing the complaint "without prejudice subject to reinstatement upon request to the court." On September 2, 1986, Webco filed a motion to reinstate the cause upon the trial docket. Inexplicably, eight months elapsed before the district court notified counsel by letter that Webco's motion to reinstate was granted. Gonzales, a counterclaimant, then petitioned this Court for a writ of prohibition or of superintending control.

 The recurring issue presented to this Court in previous requests for writs is whether an order of dismissal without prejudice is a final order when it contains a condition such as the statement that the cause of action is dismissed without prejudice subject to reinstatement upon request to the court.

We hold that, under the above-stated facts, the order of dismissal could become a final order only if the condition were not satisfied. When the condition is not limited in time, then a reasonable time may be inferred. We believe a period not to exceed 90 days is reasonable. Here, within five days, clearly a reasonable period of time, the condition was satisfied by the filing of the "request to the court."

Arguing that the dismissal was a final order, Gonzales relies on *Bralley v. City of Albuquerque*, 102 N.M. 715, 699 P.2d 646 (Ct.App.1985), and *Watkins v. Local School Bd. of Los Alamos Schools*, 88 N.M. 276, 540 P.2d 206 (1975).

In *Bralley*, the district court entered its order dismissing plaintiff's action without prejudice on November 22, 1983, on grounds that plaintiff had failed to exhaust his administrative remedies. "An order dismissing a party's entire complaint without authorizing or specifying a definite time for leave to file an amended complaint is a final order for purposes of appeal." 102 N.M. at 718, 699 P.2d at 648. Petitioner in the instant case relies upon the following rationale:

On December 14, 1983, plaintiff filed a motion to set aside or reconsider the order of dismissal dated November 22, 1983. A motion to set aside or to amend a judgment, if timely filed, will extend the time within which to appeal. Civ. App.R. 3(d). (Citation omitted.) This rule, however, does not provide solace to plaintiff under the facts in the present case. The failure of the trial court to rule within thirty days of the filing of plaintiff's first motion to set aside or reconsider the order of dismissal, amounted to a denial of the motion by operation of law. Civ.App.R. 3(d). Thus, the thirty-day period for the filing of plaintiff's appeal began running thirty days after the filing of the motion and expired January 12, 1984.

*Id.* at 719, 699 P.2d at 649. (The appellate rules effective January 1, 1987, provide that the notice of appeal is to be filed within thirty days after the filing of the order appealed from regardless of any motion attacking the order, unless, upon a showing of good cause, the court extends the time not to exceed an additional thirty days. SCRA 1986, 12–201.)

The dismissal order in *Watkins* was a dismissal without prejudice and stated, "[a]t the election of the Plaintiff, she shall have 20 days from the date of this order to file an Amended Complaint in this cause." 88 N.M. at 278, 540 P.2d at 208. It was held by this Court that the dismissal without prejudice became final and appealable only when no amended pleadings were filed within the 20 days specified.

The dismissal orders in *Bralley* and *Watkins* are distinguishable from the dismissal

order in the instant case. In *Bralley* the order stated no condition. In *Watkins*, the dismissal order set a condition, a definite time within which the plaintiff failed to act to amend his complaint.

Because, in the instant case, plaintiff satisfied the condition by requesting reinstatement, the dismissal never became a final order.

SOSA, Senior Justice, and STOWERS and WALTERS, JJ., concur.

SCARBOROUGH, C.J. not participating.