Avery C. **PEDEN** and Maxine M. Peden, his wife, Plaintiffs,

v.

Audrey Jean **BRINKER**, individually, and Glenn D. Brinker, individually, Defendants.

Civ. A. No. 88–0537.

United States District Court, W.D. Pennsylvania.

July 5, 1990.

Anthony Jeselnik, Pittsburgh, Pa., for plaintiffs.

Audrey J. Brinker and Glenn D. Brinker, Pittsburgh, Pa., pro se.

## MEMORANDUM

LEE, District Judge.

On October 21, 1988, the Honorable Judge Standish issued a Pre–Trial Order which ordered that the plaintiffs file a Pre–Trial Statement on or before April 10, 1989, and that defendants file their Pre–Trial Statement on or before May 1, 1989. Plaintiffs filed their Pre–Trial Statement in a timely fashion, however, the defendants asked for an extension to file their Pre–Trial Statement. By Order of Judge Standish dated April 28, 1989, defendants' Pre–Trial Statement was to be filed on or before May 31, 1989.

On the 22nd of August, 1989, plaintiffs moved for sanctions against the defendants

**32**

for their failure to file the Pre–Trial Statement as ordered by the Court. By Order dated August 22, 1989, the defendants were sanctioned in the amount of $100 for their failure to timely file the Pre–Trial Statement, and were again ordered to file a Pre–Trial Statement by October 23, 1989.

On the 10th day of April, 1990, this case was reassigned to this member of the Court, who entered an Order on the 25th of April, 1990, directing that defendants file their Pre–Trial Statement by May 4, 1990, and that failure to comply with such Order may result in the imposition of further sanctions. Notwithstanding numerous Orders of the Court, the defendants failed to file their Pre–Trial Narrative Statement. Under Federal Rule of Civil Procedure 16(f), if a party fails to obey a Pre–Trial Order, the Court, upon motion or its own initiative, may make such Orders with regard thereto as are just and among others, any of the Orders provided in Rule 37(b)(2)(B), (C), or (D). Under Federal Rule of Civil Procedure 37(b)(2)(C), the Court may make such Order rendering a judgment by default against the disobedient party.

In *Coleman v. Smith*, 814 F.2d 1142 (7th Cir.1987), the Court entered a default judgment as authorized by Federal Rule of Civil Procedure 16(f) for the defendant's willful failure to comply with the Court's Pre–Trial Orders. The Court found that the defendant's actions had stymied the plaintiff's ability to proceed with the lawsuit, and that the defendant had repeatedly ignored the court's orders and warnings regarding noncompliance.

On the 30th day of May, 1990, at 9:00 a.m., a hearing to show cause why a default judgment should not be entered against the defendants was held in open court. Mr. Glenn Brinker, pro se defendant, appeared at the hearing. Mrs. Brinker did not appear. Mr. Brinker represented to the Court that he did not have the required funds with which to hire an attorney for the above-captioned action. Mr. Brinker also stated that he was interested in filing for protection under the Federal Bankruptcy Laws, but also lacked the funds sufficient to hire an attorney for such bankruptcy.

Mr. Brinker indicated that he is presently employed as a sales manager for A & L Motors in Monroeville, and that his wife is also employed. The Court strongly recommended to Mr. Brinker that he hire legal representation, not only in the above action, but also in regards to relief he may obtain in a bankruptcy proceeding. It is imperative that the Brinkers obtain counsel concerning their rights in bankruptcy. Should the claims against them be based upon fraud, the Brinkers may be unable to obtain the desired discharge in bankruptcy.

It is noted that the defendants have never filed a list of assets and liabilities, and have never filed a Petition to proceed in forma pauperis. This Court is unable to find that the defendants are insolvent. The Court suggests that the defendants contact the Lawyer Referral Service of the Allegheny County Bar Association if they unable to find counsel.

The Court, at this time, is unwilling to impose a sanction as severe as the entry of a default judgment. However, the Court will order that the defendants file their Pre–Trial Statement within thirty days and will reconsider the entry of a default judgment if the defendants persist in their failure to file a Pre–Trial Statement.