884 P.2d 813

**UNIVERSAL CONSTRUCTORS, INC., a New Mexico corporation, Andrew J. Morrow, and James G. Harding, Plaintiffs–Appellees,**

v.

**Thomas E. FIELDER and Park Development II, a New Mexico corporation, Defendants and Third–Party Plaintiffs–Appellants,**

v.

**James W. STRETZ, Third–Party Defendant–Appellee.**

**No. 13229.**

Court of Appeals of New Mexico.

Aug. 17, 1994.

**658**

Christopher M. Moody, Poole, Kelly & Ramo, P.C., Albuquerque, for plaintiffs-appellees.

William J. Darling, Margaret P. Armijo, William J. Darling, & Associates, P.A., Albuquerque, for defendants and third-party plaintiffs-appellants.

Joseph Goldberg, Freedman, Boyd, Daniels, Peifer, Hollander, Guttmann & Goldberg, Albuquerque, for third-party defendant-appellee.

*OPINION*

BLACK, Judge.

Plaintiffs Universal Constructors, Andrew Morrow, and James Harding ("Plaintiffs") filed a complaint alleging a violation of the New Mexico Securities Act, NMSA 1978, Sections 58–13–1 through 58–13–46 (Repl. Pamp.1984) (the "Securities Act"), and seeking rescission and a refund on their purchases of limited partnership shares in Park Development II ("Park II"). Defendants Park II and Thomas Fielder ("Fielder") claimed an exemption under the Securities Act and filed a third-party complaint against the other general partner in Park II, James Stretz ("Stretz"). The district court granted an oral motion to dismiss the third-party complaint against Stretz, entered an order dismissing the third-party complaint, and ultimately entered judgment granting rescission to Plaintiffs. Defendants Fielder and Park II appeal. We affirm the rescission

and reverse the dismissal of the third-party complaint.

### I. *JURISDICTION*

■ The district court entered a "closing order" dismissing appellees' suit without prejudice on April 16, 1990. The closing order provided, in part: "If the parties fail to seek reinstatement within 60 days, the case shall be deemed dismissed with prejudice." Plaintiffs moved for reinstatement on May 29, 1990, well within the sixty days provided. After originally denying the motion for reinstatement, the district court, upon rehearing, granted it.

Appellant argues that under NMSA 1978, Section 39–1–1 (Repl.Pamp.1991), the district court lost jurisdiction over the case thirty days after entry of the closing order. On its face, however, Section 39–1–1 applies to "[f]inal judgments and decrees." An order which merely dismisses a claim without prejudice is not a final, appealable order. *Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 4, 635 P.2d 1323, 1326 (Ct.App.1981). Obviously, a dismissal without prejudice that specifically authorizes further proceedings in the case is not a final order. *Cf. Ortega v. Transamerica Ins. Co.*, 91 N.M. 31, 33, 569 P.2d 957, 959 (Ct.App.1977) (dismissal without prejudice ordinarily imports further proceedings).

Our Supreme Court considered the effect of a similar dismissal in *Gonzales v. Maes*, 106 N.M. 342, 742 P.2d 1047 (1987). The Court stated the issue was "whether an order of dismissal without prejudice is a final order when it contains a condition such as the statement that the cause of action is dismissed without prejudice subject to reinstatement upon request to the court." *Id.* at 343, 742 P.2d at 1048. Speaking for the Court, Justice Ransom stated: "We hold that, under the above-stated facts, the order of dismissal could become a final order only if the condition were not satisfied." *Id.* The Court concluded: "Because, in the instant case, plaintiff satisfied the condition by requesting reinstatement, the dismissal never became a final order." *Id.* at 344, 742 P.2d at 1049.

As in *Gonzales,* the district court in the present case entered a conditional order of dismissal. Since the present appellees "satisfied the condition by requesting reinstatement, the dismissal never became a final order." Section 39–1–1 therefore does not apply.

## II. *ABUSE OF DISCRETION*

■ Appellants Fielder and Park II next argue that, even if the district court did retain jurisdiction to reinstate the case, it abused its discretion in doing so. However, since the conditional order of dismissal was interlocutory, the district court had the authority to revise the order at any time prior to entry of a final judgment. *See Barker v. Barker,* 94 N.M. 162, 165–66, 608 P.2d 138, 141–42 (1980). Such an interlocutory order, by definition, is open for revision, and the district court, "upon further reflection or examination, was at liberty to change it." *See Speckner v. Riebold,* 86 N.M. 275, 278, 523 P.2d 10, 13 (1974). In general, the trial court must have broad discretion to revise interlocutory orders that would impede the process of achieving a just result. *Cf. Gallegos v. Yeargin W. Constructors,* 104 N.M. 623, 624, 725 P.2d 599, 600 (Ct.App.1986) (modification of pretrial order is discretionary with trial court). We find no abuse of discretion in reinstating Plaintiffs' complaint when Plaintiffs met the stated condition and moved to reinstate the complaint within sixty days.

## III. *THE THIRD–PARTY COMPLAINT*

On November 7, 1990, the district court sent out a non-jury docket for the month of January 1991. This one-page, unsigned document on judicial stationery directed that pretrial orders be filed by December 3, 1990, "or all attorneys are to be available for status conference during the week of December 3, 1990." The document then stated: "FAILURE TO COMPLY WITH PRETRIAL ORDER REQUIREMENTS MAY CAUSE THE IMPOSITION OF SANCTIONS, INCLUDING DISMISSAL OR DEFAULT JUDGMENT."

Three weeks later, on November 29, 1990, local counsel for Defendants Fielder and Park II filed a motion to withdraw on the basis of a conflict. This motion was granted the same day. The order allowing the withdrawal of local counsel provided: "Until such time as said Defendants retain new local counsel in New Mexico, service of all notices and pleadings shall be made upon said Defendants at [the address of Defendants' Kentucky attorney.]" Although Defendants' Kentucky counsel was directed to receive notice, she was permitted to participate only in association with local counsel. *See* SCRA 1986, Rule 1–089.1(A) (Repl.1992). Since Fielder's local counsel was permitted to withdraw on November 29, 1990, and new local counsel did not enter an appearance until January 15, 1991, Defendant Fielder was effectively without counsel during the critical six-week period when the pretrial order was drafted and presented to the district court.

On December 12, 1990, Fielder, pro se, wrote to the district court:

> I'm afraid that I have absolutely no financial means to acquire legal representation in order to defend myself in this case. I simply do not understand what this pretrial order as referenced in [Plaintiffs' counsel's] letter of December 5, 1990 is all about. I don't know what to do about this case and I have discussed my financial condition in detail with [Plaintiffs' counsel] and have given him a complete financial disclosure by telephone as well as authorized him to pull credit reports on me to verify my individual finances. Whatever is necessary, I guess I am by default in compliance with.

When the pretrial order was presented to the district court on January 8, 1991, counsel for Stretz made an oral motion to dismiss the third-party complaint. The court granted this motion orally at the hearing and entered an order dismissing the third-party complaint on January 17, 1991. On January 18, 1991, Fielder filed a motion to reinstate the third-party complaint. The district court denied the motion.

■ It is general policy to decide claims on the merits. *See George M. Morris Constr. Co. v. Four Seasons Motor Inn, Inc.,* 90 N.M. 654, 658, 567 P.2d 965, 969 (1977).

Dismissal constitutes a penalty, and generally mere negligence does not warrant such a penalty. *Sandoval v. Martinez,* 109 N.M. 5, 9, 780 P.2d 1152, 1156 (Ct.App.), *cert. denied,* (July 27, 1989). Involuntary dismissals are limited to instances where plaintiff's conduct is extreme. *Lowery v. Atterbury,* 113 N.M. 71, 74, 823 P.2d 313, 316 (1992); *see also Peden v. Brinker,* 132 F.R.D. 31, 32 (W.D.Pa. 1990) (refusing to default pro se defendants lacking sufficient funds for counsel, despite repeated violations).

■ The district court should also consider alternatives to dismissal. *Lowery,* 113 N.M. at 75, 823 P.2d at 317; *see also SEC v. First Houston Capital Resources Fund, Inc.,* 979 F.2d 380, 382–83 (5th Cir.1992) (error to default pro se defendant for failure to appear at pretrial without a record showing consideration of lesser sanctions). Our Supreme Court's discussion in *Lowery* is instructive on this point:

> In the instant case, we are not convinced that the trial court considered any alternative sanctions to that of dismissal. At the time that he dismissed the action, the trial judge stated "[t]oday was the day set for either the tendering of the [settlement] agreement of the parties or the trial of the matter. I'm prepared for one or the other. But that's all I'm prepared for." The trial judge did not consider Lowery's explanation for being unprepared, nor did he inquire into the amount of time that Lowery would need to prepare for trial. In addition, he did not consider that the parties made diligent efforts to settle this matter. Further, he did not consider that the dismissal would be a windfall for the defendants, who also were unprepared for trial.

113 N.M. at 75, 823 P.2d at 317.

■ While the district court clearly had the authority to dismiss the third-party complaint, there is no evidence in the instant case that the district court considered any alternatives. At the time the dismissal was granted, the district judge said:

> The third-party complaint will be dismissed for failure of the third-party Defendant—third-party Plaintiff to comply with the Court's requirements to comply with pretrial order requirements to participate

in the preparation of pretrial order, and for failure to attend this hearing today, which was scheduled to resolve a pretrial order.

> And since the third-party Plaintiff is not present to proceed, the Court will grant the application to dismiss, both on its merits and as a sanction for failure to comply with the order of the Court.

Notice and opportunity to be heard is required before a case can be dismissed on the merits. *Otero v. Sandoval,* 60 N.M. 444, 446, 292 P.2d 319, 320 (1956); *cf. State v. Wilson,* 116 N.M. 802, 806, 867 P.2d 1184, 1188 (Ct. App.) (trial court must give advance notice before dismissing a criminal case), *cert. quashed,* (September 3, 1993). To the extent the district court relied on the arguments presented at the January 8 pretrial conference and dismissed the claim "on its merits," the order violated this requirement.

## IV. *RESCISSION*

■ Fielder and Stretz began developing Park II in 1985. They decided to sell limited partnership shares in order to raise capital. Plaintiff Harding purchased one limited partnership share on December 20, 1985, and Plaintiff Morrow purchased a one-half limited partnership share on December 30, 1985. It was also on December 30, 1985, that the New Mexico Securities Division received a notice of a claim of exemption from Park II. Plaintiff Universal purchased a one-half limited partnership share on January 27, 1986.

The pertinent provision of the Securities Act in effect at the time of the sale of the limited partnership shares allowed an exemption for the private placement of securities. *See* § 58–13–30(O) (Repl.Pamp.1984). However, Plaintiffs argue, and the district court held, that the private placement exemption was not available to Park II and Fielder because they failed to file a claim of exemption prior to their first sale of securities. Perhaps in response to descriptions such as "technical," Julie Allecta, Comment, *Securities: Private Placement in New Mexico,* 7 N.M.L.Rev. 105, 110–11 (1977), and "trenchant weapon," Theodore Parnal & Wilmer R. Ticer, *A Survey of the Securities Act of*

*New Mexico,* 2 N.M.L.Rev. 1, 2–3 (1972), the 1986 legislature repealed this provision to eliminate liability for failure to file any notice of claim of exemption. *See* 1986 N.M.Laws, ch. 7, § 59. The filing statute in effect at the time of the sale, however, required:

> [A]ny person, corporation or issuer claiming the exemptions afforded by subsections I, N or O of Section 58–13–30, NMSA 1978 shall give notice in a form prescribed by the chief of his intention to avail himself of the exemptions afforded by those subsections prior to the first offer or sale[.]

Section 58–13–31 (Repl.Pamp.1984). Under the plain terms of Section 58–13–31 it was necessary to file the notice of claim of exemption *before* the first offer or sale of limited partnership shares. *Cf. Redman v. Board of Regents,* 102 N.M. 234, 238, 693 P.2d 1266, 1270 (Ct.App.1984) ("The use of the word 'shall' ordinarily imposes a mandatory requirement."), *cert. denied,* 102 N.M. 225, 693 P.2d 591 (1985).

Defendant Fielder's arguments regarding the implicit intent of the legislature and relying on authority from other jurisdictions are unavailing. The failure to file the notice of a claim of exemption until ten days after the sale of the first limited partnership share to Plaintiff Harding prevents Defendants Fielder and Park II from claiming any exemption under the Securities Act and entitled Plaintiffs to rescind the transaction and receive a refund of the purchase price.

## V. CONCLUSION

We hold the district court did not abuse its discretion in reinstating the complaint when Plaintiffs complied with the terms set forth in the closing order. By contrast the district court allowed Defendant Fielder's local counsel to withdraw three weeks before the scheduled pretrial conference, then dismissed Fielder's third-party complaint in spite of his letter stating that he lacked the funds to come to Albuquerque for the pretrial conference. Under these circumstances, it was error for the district judge to dismiss the third-party complaint without evidence lesser sanctions were considered. Finally, the provision of the Securities Act in effect at the time of the sale of the limited partnership shares clearly required the filing of a claim of exemption prior to the first sale of a regulated security. Defendants Fielder and Park II failed to file such a notice of exemption prior to the first sale and therefore are barred from claiming any exemption under the Securities Act. The district court was correct in granting the plaintiffs rescission and ordering restitution.

The order dismissing the third-party complaint is reversed. The judgment of the district court is otherwise affirmed.

IT IS SO ORDERED.

APODACA and BOSSON, JJ., concur.