2003-NMCA-109

75 P.3d 429

**STATE of New Mexico, Petitioner–Appellee,**

v.

**CANDY L., Child Respondent–Appellant.**

**No. 23,048.**

Court of Appeals of New Mexico.

June 24, 2003.

Certiorari denied, No. 28,171, Aug. 15, 2003.

Patricia A. Madrid, Attorney General, Santa Fe, NM, Jacqueline R. Medina, Assistant Attorney General, Albuquerque, NM, for State of New Mexico.

John B. Bigelow, Chief Public Defender, Susan Roth, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

SUTIN, Judge.

{1} Candy L. (Child) appeals from an order directing her to make restitution for damage she caused to an electronic monitoring device. We dismiss the appeal as premature because it does not originate from a final order.

## BACKGROUND

{2} Child was adjudicated delinquent and placed on supervised probation. Pursuant to a probation agreement signed by Child and her mother, Child agreed to "pay restitution on a schedule and in a manner required by [her] probation officer." Child's probation agreement expressly contemplated that the restitution schedule would be approved by and filed with the court, with a copy given to Child. However, no schedule was prepared by the juvenile probation office.

{3} Child violated the probation agreement. In connection with a March 26, 2002, revocation proceeding, the district court signed a document entitled "Respondent's Admission Proceeding," in which the court determined that Child admitted the averments in the petition to revoke probation. At this hearing, the State requested restitution in the amount of $300, and acknowledged that "for some reason," restitution was not included in the original adjudication. Child was given the opportunity to raise issues regarding restitution. Child's attorney actually did object to restitution on the ground restitution had not been ordered in the original disposition and the court could not go back and revisit the issue. The court nevertheless ordered restitution. *See* NMSA 1978, § 32A–2–31(A) (1993) (authorizing the court to order a child to pay restitution to a victim of the child's delinquent act); NMSA 1978, § 32A–2–2(A) (1993) (including within the purpose of rehabilitation embodied in the Delinquency Act a requirement of "rehabilitative restitution by the child to the victims of the child's delinquent act to the extent that the child is reasonably able to do so"). In an order entered on April 5, 2002, stating that a dispositional hearing was held on March 26, 2002, the court revoked Child's probation, ordered a suspended commitment, and ordered Child to "pay restitution of $300 ... according to a restitution plan that shall be developed by the Juvenile Probation Office and filed with the Court." Child appeals from this April 5, 2002, order. Likely because of the notice of appeal, no restitution plan was developed by the juvenile probation

office and filed with the court following the April 5, 2002, order.

## DISCUSSION

{4} As a threshold matter, we consider whether the April 5, 2002, order, requiring that Child pay restitution of $300 according to a later developed restitution plan, is a final, appealable order. Although neither party has raised the issue of finality, we raise it sua sponte "because it affects whether this Court has jurisdiction to hear the appeal." *Collier v. Pennington,* 2003–NMCA–064, ¶ 7, 133 N.M. 728, 69 P.3d 238; *see Britt v. Phoenix Indem. Ins. Co.,* 120 N.M. 813, 815, 907 P.2d 994, 996 (1995).

{5} "The general rule in New Mexico for determining the finality of a judgment is that 'an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible.' " *Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992) (quoting *B.L. Goldberg & Assocs. v. Uptown, Inc.,* 103 N.M. 277, 278, 705 P.2d 683, 684 (1985)). This rule is neither absolute nor inflexible, but rather must be afforded a "practical" construction. *Id.* Accordingly, we have recognized that "[i]t is impossible to devise a formula to resolve all marginal cases coming within what might well be called the twilight zone of finality." *Id.* (internal quotation marks and citation omitted).

{6} The April 5, 2002, order, which specifically ordered restitution, did not dispose of Child's case to the fullest extent possible, as it contemplated the preparation of a restitution plan by the juvenile probation office to be filed with the district court. *See Baca v. Atchison, Topeka & Santa Fe Ry.,* 1996–NMCA–054, ¶ 8, 121 N.M. 734, 918 P.2d 13 (recognizing that an order that leaves the case unresolved is not final). This order contemplated the preparation of a restitution plan by the juvenile probation office to be filed with the district court. Although the amount of restitution is set by the April 5, 2002, order at $300, Child may yet object to the juvenile probation office's plan regarding the manner in which Child is to go about satisfying the $300 obligation. For example, the juvenile probation office may devise a plan that Child may then contend is too onerous or impossible to carry out given her financial situation. Because Child appealed before any plan was developed and filed with the district court, if we were to decide the merits of the present appeal now, we may well be presented with a second appeal in regard to the restitution plan once it is filed with the court. This leaves open the likelihood of related issues having to be addressed in the second appeal, resulting in piecemeal appeals. *See Valley Improvement Ass'n v. Hartford Accident & Indem. Co.,* 116 N.M. 426, 429, 863 P.2d 1047, 1050 (1993) (expressing policy disfavoring piecemeal appeals). Here, we are not merely awaiting a ministerial act, but rather a substantive determination regarding the manner in which Child is going to be required to make restitution. *Cf. San Juan 1990–A. L.P. v. El Paso Prod. Co.,* 2002–NMCA–041, ¶ 21, 132 N.M. 73, 43 P.3d 1083 (recognizing that remaining ministerial acts do not prevent finality). Although the finality issue here is not cut and dried, we err on the side of avoiding piecemeal appeals, enhancing judicial efficiency, and dismiss this appeal as premature.

## CONCLUSION

{7} The appeal is dismissed without prejudice.

{8} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge, and RODERICK T. KENNEDY, Judge.