IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                                   No. 28,917

LARRY J. BOYLAN,

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Stephanie Erin Brunson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

    Defendant appeals his convictions for intimidation of a witness and resisting or obstructing an officer. Our notice of proposed summary disposition proposed to dismiss for lack of finality. Defendant filed a timely memorandum in support

pursuant to a granted motion for extension of time. We remain persuaded that dismissal is merited and accordingly remand for further proceedings.

As set forth in our notice, while the judgment sets forth the amount of restitution to be paid, the district court did not provide the manner in which Defendant is to pay restitution. Because the judgment necessarily contemplates the preparation of a restitution plan to be filed with the district court and because it is possible that the parties may dispute the feasibility of the plan, the judgment is not final. *See State v. Candy L.*, 2003-NMCA-109, ¶¶ 5-6, 134 N.M. 213, 75 P.3d 429 (holding that an order requiring that the child pay restitution according to a later-developed restitution plan did not dispose of the case to the fullest extent possible because the child could object to the juvenile probation office's plan regarding how the child was to satisfy the obligation).

While agreeing that piecemeal appeals are to be avoided [MIS 4] and that dismissal for lack of finality is merited [MIS 8], Defendant urges this Court to "order the lower court to reexamine and explicitly state the basis upon which it requires" him to make restitution to Victim. [MIS 4] In making his request, Defendant emphasizes that it is unclear why he must reimburse Victim for the three months during which

time Victim occupied the property. [MIS 7] Defendant may request such findings in the first instance below while on remand.

**Conclusion.** We dismiss this appeal for lack of finality and remand for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**