This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DANIEL J. HERBISON,**

Plaintiff-Appellant,

v. NO. 34,585

**MARIE SCHWANER, Personal Representative of the Estate of Robert Montgomery,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Daniel J. Herbison
Albuquerque, NM

Pro Se Appellant

Michael L. Danoff & Associates, PC
Michael L. Danoff
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Plaintiff/Counterdefendant (Appellant) seeks to appeal from an order finding a settlement memorandum to be binding and ordering the parties to take further action. We previously issued a notice of proposed summary disposition in which we proposed to dismiss on grounds that the district court's order is not final. Appellant has filed a memorandum in opposition, which we have duly considered.  Because we remain unpersuaded that this matter is properly before us, we dismiss the appeal.

{2}     As we observed in the notice of proposed summary disposition, the right to appeal is generally restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966). Generally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court *to the fullest extent possible*." *Clinesmith v. Temmerman*, 2013-NMCA-024, ¶ 35, 298 P.3d 458 (emphasis added) (internal quotation marks and citation omitted).

{3}     The order entered below does not satisfy this standard. Although it appears to resolve the central issue, it clearly contemplates further significant action, including the preparation and execution of a settlement document, to be followed by a formal order of dismissal. [RP 385] Clearly, such an order of dismissal would constitute a final judgment, from which appeal could be taken. *See generally State v. Montoya*, 2008-NMSC-043, ¶ 11, 144 N.M. 458, 188 P.3d 1209 ("An order of dismissal is a type of  appealable final order."). However, insofar as no order of dismissal has been

entered, we conclude that the appeal is premature. *See generally Thornton v. Gamble*, 1984-NMCA-093, ¶ 9, 101 N.M. 764, 688 P.2d 1268 (holding that a judgment did not constitute a final, appealable order where it specifically contemplated the entry of a further order).

{4}     In his memorandum in opposition Appellant invokes the doctrine of practical finality. [MIO 2, 5] Appellant contends that the matters which remain pending before the district court merely pertain to enforcement. [MIO 5] *See State v. Heinsen*, 2005-NMSC-035, ¶ 15, 138 N.M. 441, 121 P.3d 1040 ("We will review a court's decision when an order effectively disposes of the issues in a case, even though supplementary proceedings are necessary to enforce the order.") To the extent that subsequent matters "involve proceedings to carry out or give effect to a judgment" such that the present procedural posture of the case falls within the "twilight zone" of finality, *Trujillo v. Hilton of Santa Fe*, 1993-NMSC-017, ¶¶ 3, 5, 115 N.M. 397, 851 P.2d 1064, Appellant contends that the appeal is properly before us. [MIO 2]

{5}     We remain unpersuaded. By its very nature, the entire dispute between the parties pertains to enforcement. Moreover, while the district court's order reflects that critical determinations have been made relative to the enforceability of the putative settlement agreement, and although the exhibits suggest that the settlement documents are sufficiently comprehensive as to address the substantive issues between the

3

parties, the fact remains that a final version of this document remains to be formally memorialized and signed. The district court's order plainly reflects that it shall to retain jurisdiction over the parties and the proceedings until that is accomplished. [RP 385] By expressly so providing, the district court remains in a position to address additional substantive complications that may arise. Dismissal is explicitly contemplated *thereafter.* [RP 385] Under the circumstances, we conclude that the underlying proceedings have not been sufficiently concluded to permit the application of the doctrine of practical finality. *See generally Heinsen*, 2005-NMSC-035, ¶15 (observing that "practical finality is the exception, rather than the rule" and the doctrine is applied only "cautiously, in limited circumstances"); *and see, e.g., State v. Candy L.*, 2003-NMCA-109, ¶ 6, 134 N.M. 213, 75 P.3d 429 (holding that an order requiring restitution and contemplating the preparation of a restitution plan to be filed with the district court was not final for purposes of appeal where no such plan had yet been filed; the preparation and filing of a specific plan was not a ministerial act, but rather a substantive determination; and ultimately, although the finality issue was debatable, the Court elected to err on the side of avoiding piecemeal appeals and enhancing judicial efficiency).

{6}     In closing, we acknowledge Appellant's concern that he may be effectively denied supersedeas relief if he is compelled to sign the settlement agreement and

4

fulfill his obligations thereunder before pursuing an appeal. [MIO 5] Although this is anomalous, it does not alter our assessment of the threshold jurisdictional question. We further note that insofar as the district court retains jurisdiction over the proceedings it is at liberty to address the problem by amending its order or taking other appropriate action. *See generally Universal Constructors, Inc. v. Fielder,* 1994-NMCA-112, ¶ 6, 118 N.M. 657, 884 P.2d 813 (observing that "an interlocutory order, by definition, is open for revision, and the district court, upon further reflection or examination, [i]s at liberty to change it" (internal quotation marks and citation omitted)).

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that the district court's order is not immediately reviewable. The appeal is therefore summarily dismissed.

{8}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____

**J. MILES HANISEE, Judge**