This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THE STATE OF NEW MEXICO**
**FOR USE OF ROCK SCAPES OF**
**NEW MEXICO, INC.,**

**Plaintiff-Appellee,**

**v.**                                                    **No. 34,898**

**RVC, INC.,**

**Defendant-Appellant,**

**and**

**WESTFIELD INSURANCE**
**COMPANY,**

**Defendants.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Carl J. Butkus, District Judge**

Gregory V. Pelton
Colorado Springs, CO

for Appellee

Lorenz Law
Alice T. Lorenz
Albuquerque, NM

Maestas & Suggett, P.C.
Paul Maestas
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant-Appellant Rio Vista Construction (RVC) seeks to appeal from an order awarding its subcontractor, State of New Mexico For Use of Rock Scapes (Rock Scapes), penalty interest under the Prompt Payment Act, NMSA 1978, § 57-28-5 (2007), as well as pre- and post-judgment interest. [DS 3] This Court issued a notice proposing to dismiss for lack of a final order. In response, RVC has filed a timely memorandum in opposition opposing this Court's proposed disposition, which we have duly considered. Because we remain unpersuaded that this matter is properly before us, we dismiss the appeal.

{2}     Our notice observed that even though the district court made a finding that Rock Scapes intentionally provided false discovery responses, and stated that sanctions were proper, it did not appear that the issue of sanctions against Rock Scapes had been fully resolved. [CN 4] In light of the fact that RVC expressly challenged the award of Prompt Pay Act penalty interest and pre-judgment interest during the three-year period of delay that it claimed was attributable to Rock Scapes'

2

misconduct, we proposed that it would be premature for this Court to consider the merits of RVC's appeal without an order resolving the issue of sanctions against Rock Scapes and the apportionment of Rock Scapes' liability for any delay during this time period. [CN 4–5] We therefore proposed that appellate review should await the entry of a written order which, at a minimum, set forth the district court's ruling on the issue of sanctions. [CN 6]

{3}     In response, RVC agrees that the district court has not yet entered an order on RVC's motion for sanctions. [MIO 2] RVC further states that "[t]he most logical way to implement the district court's decision to impose sanctions was to address it in the context of Rock Scapes' motion for prejudgment interest . . . because the delay attributable to Rock Scapes' misconduct was directly relevant to Rock Scapes' request for interest during the period in which its conduct prevented the case from moving forward." [MIO 3]

{4}     RVC further explains that the issue of attorney fees remains outstanding, and a hearing was held on this matter. On September 1, 2015, after the filing of the record proper, the district court entered an "Initial Order Regarding Attorney Fees," requiring Rock Scapes' attorney to provide additional support and allowing the parties additional briefing. [MIO 5] RVC explains that the district court "has not yet decided what role, if any, Rock Scapes' misconduct might play in its decision" to award fees

3

under the Prompt Pay Act. [MIO 5]

**{5}** In its memorandum in opposition, RVC also invokes the doctrine of practical finality. [MIO 5] To this end, RVC contends that once the district court entered a final judgment, it could no longer address the motion for sanctions in a manner that would affect the judgment itself. [MIO 2, 6] We disagree. Insofar as the district court retains jurisdiction over the proceedings, it is at liberty to address the issue of sanctions by amending its order or taking other appropriate action. *See generally Universal Constructors, Inc. v. Fielder*, 1994-NMCA-112, ¶ 6, 118 N.M. 657, 884 P.2d 813 (observing that "an interlocutory order, by definition, is open for revision, and the district court, upon further reflection or examination, [i]s at liberty to change it" (internal quotation marks and citation omitted)).

**{6}** Finally, RVC acknowledges that "the fact that Rock Scapes' misconduct might be considered as part of the district court's resolution of the fee request does give rise to the possibility that its order on the remaining post-judgment motion could have an impact on the proper remedy under RVC's Issue C." [MIO 8] RVC further acknowledges that the existence of such a connection between the issues "likely makes it most efficient for the appeals from the Prejudgment Interest Order and the anticipated order on fees to be considered together, but it does not negate the practical finality of the Prejudgment Interest Order." [MIO 8] We disagree. The very nature of

4

one of the issues raised by RVC on appeal requires an examination of Rock Scapes' misconduct, and the district court has not yet entered an order resolving this issue. To the extent RVC asks this Court to suspend the finality of the Prejudgment Interest Order until the district court has entered an order on Rock Scapes' request for attorney fees, and consolidate any appeal from that order with the instant appeal, [MIO 8–9] we decline to do so, as that would run contrary to the principle of judicial efficiency. Under the circumstances, we conclude that the underlying proceedings have not been sufficiently concluded to permit the application of the doctrine of practical finality. *See generally State v. Heinsen*, 2005-NMSC-035, ¶ 15, 138 N.M. 441, 121 P.3d 1040 (observing that "practical finality is the exception, rather than the rule" and the doctrine is applied only "cautiously, in limited circumstances"); *and see, e.g., State v. Candy L.*, 2003-NMCA-109, ¶ 6, 134 N.M. 213, 75 P.3d 429 (holding that an order requiring restitution and contemplating the preparation of a restitution plan to be filed with the district court was not final for purposes of appeal where no such plan had yet been filed; the preparation and filing of a specific plan was not a ministerial act, but rather a substantive determination; and ultimately, although the finality issue was debatable, the Court elected to err on the side of avoiding piecemeal appeals and enhancing judicial efficiency). In closing, we note that the parties may file an appeal when all outstanding issues have been resolved by the district court.

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that the district court's order is not immediately reviewable. The appeal is therefore summarily dismissed.

{8}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**M. MONICA ZAMORA, Judge**