This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                          **No. 34,007**

**CHRISTOPHER GLOMSKI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Kenneth H. Stalter, Assistant Attorney General
Albuquerque, NM

for Appellee

The Alarid Law Firm, P.C.
Michael Alarid, Jr.
Camille Cordova
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

**{1}** Defendant appeals a district court's order requiring him to make restitution. We dismiss the appeal as premature, pursuant to *State v. Candy L.*, 2003-NMCA-109, ¶ 6, 134 N.M. 213, 75 P.3d 429.

## I.    BACKGROUND

**{2}** Defendant pleaded guilty to four charges. The district court accepted Defendant's plea, and sentenced him, requiring him to pay restitution as a condition of his probation, pursuant to NMSA 1978, Section 31-17-1 (2005). The district court issued an order setting the amount of restitution at $32,893.11. The order also required Defendant to work with probation and parole to prepare a restitution plan and submit that plan to the district court for approval or modification. Defendant appealed the district court's order. Nothing in the record indicates that a restitution plan was ever filed with the district court.

**{3}** Defendant's challenge on appeal goes to the very order itself; he claims that the district court erred in awarding restitution. The State, on the other hand, suggests that this appeal is premature, as no restitution plan has yet been entered in the district court. Though the amount of restitution has been set, nothing in the record indicates the manner in which Defendant is to satisfy his restitution obligation.

## II.    DISCUSSION

**{4}** The State suggests that this appeal is premature for lack of a final order,

2

pursuant to *Candy L.*, 2003-NMCA-109, ¶ 6. This Court in *Candy L.* determined, under analogous factual circumstances, that although the amount of restitution was set by order, appeal of that order prior to the filing of a restitution plan rendered the appeal premature. *Id.* In that case, the order did not dispose of the case to the fullest extent possible, as it contemplated the subsequent preparation of a restitution plan. *Id.*; *see Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 (stating the general rule on finality: "an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible" (internal quotation marks and citation omitted)). We reasoned that the order therefore was not final because the respondent could contend that the plan created was too onerous or impossible to carry out, and we could be presented with a second appeal regarding the restitution plan once it was filed with the district court. *Candy L.*, 2003-NMCA-109, ¶ 6. Because the restitution plan is a substantive determination regarding the manner in which restitution is to paid, it was not merely a ministerial act, and the order was not final for purposes of appeal.

{5}     Though the district court in this case specifically ordered restitution and set the amount of restitution to be paid, it also contemplated that a restitution plan would be prepared and filed with the court. In fact, it made compliance with that plan a

condition of Defendant's probation.

{6}     We note that Defendant attempts to counter the State's assertion regarding finality by asserting that he has already begun to be executed against for restitution in an amount more than $2,000 from his wages as of the date that the briefs were filed. Although this allegation is concerning, we find no order or evidence for this proposition in the record and Defendant points to no evidence demonstrating its existence. As this appeal is premature for the lack of a final order concerning restitution, to the extent that execution on a non-final restitution order may be taking place, such garnishment or other execution may be as well. However, for reasons of non-finality discussed above, we do not consider Defendant's argument. *See Headley v. Morgan Management Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to review an argument made in the reply brief that was underdeveloped and made without any citation to the record). While inviting the district court to review the status of its restitution orders in this case, we follow the precedent set forth in *Candy L.*, 2003-NMCA-109, ¶ 6, and err on the side of avoiding piecemeal appeals and enhancing judicial efficiency, dismissing this appeal without prejudice for lack of a final order. Defendant will also have the opportunity to address any premature garnishment issues that may be occurring prior to the approval of the restitution plan

once this matter is remanded to the district court.

{7}    **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**J. MILES HANISEE, Judge**